# Washington's Estate.

*Trusts and trustees—Parol trust—Wills—Legacy—Evidence.*

A trust as to personalty may be established by parol.

If a bequest in a will is in terms absolute, but with an understanding had with the legatee that the estate so bequeathed shall be applied to some purpose designated by the testator, a trust arises which a court of equity will enforce, unless unlawful in itself. The acceptance of the trust may be shown either by the express promise of the legatee, or his assent may be implied from silence. The evidence to sustain such parol promise must be clear, precise and unequivocal.

Where a legatee to whom a legacy was left without conditions contained in the will, stated in a letter in her lifetime that she held the legacy as a trust for herself and two nieces, and such written statement is supported by declarations of the legatee made to three disinterested witnesses, to the effect that such an understanding existed between the testatrix and the legatee who subsequently acknowledged the trust relation as to the bequest, the trust will be supported as to the principal in favor of the nieces after the death of the legatee, although there is some doubt under the testimony as to what disposition was to be made of the interest.

Argued Jan. 8, 1908. Appeals, Nos. 269 and 272, Jan. T., 1907, by Real Estate Trust Company of Philadelphia, Executor, from decree of O. C. Phila. Co., Jan. T., 1907, No. 594, sustaining exceptions to adjudication in Estate of Mildred J. Washington, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before ASHMAN, P. J.

From the adjudication it appeared that Ann Jane Mercer died on April 5, 1886, leaving a will by which she gave to the decedent, Mildred J. Washington, an unconditional legacy of $25,000. This sum remained in the decedent's hands until her death. At the audit Mildred Carter and Lelia Carter Moncure claimed the whole fund, alleging that it was held by the testatrix under a parol trust created for their benefit. The evidence as to this trust is stated in the opinion of the Supreme Court. The auditing judge disallowed the claim.

Exceptions to the adjudication were sustained in an opinion by ANDERSON, J.

*Errors assigned* were in sustaining the exceptions to the adjudication.

*C. Berkley Taylor*, for appellant, cited : Hoffner's Est., 161 Pa. 331 ; McAuley's Est., 184 Pa. 124 ; McCloskey v. McCloskey, 205 Pa. 491.

*William A. Glasgow, Jr.*, with him *Chester N. Farr, Jr.*, for appellees, cited : Hoffner's Est., 161 Pa. 331 ; Osmond's Est., 161 Pa. 543 ; McAuley's Est., 184 Pa. 124.

OPINION BY MR. JUSTICE ELKIN, March 2, 1908 :

That a trust may be established by parol is settled law under our decisions : Church v. Ruland, 64 Pa. 432 ; Hoffner's Estate, 161 Pa. 331 ; Osmond's Estate, 161 Pa. 543 ; McAuley's Estate, 184 Pa. 124. The principle authoritatively stated by courts and text-writers, applicable to such cases, is that if a bequest in a will is in terms absolute, but with an understanding had with the legatee that the estate so bequeathed shall be applied to some purpose designated by the testator, a trust arises which a court of equity will enforce unless unlawful in itself. There is ample authority for the rule that the acceptance of the trust may be shown either by the express promise of the legatee or his assent may be implied from silence. As a rule, such trusts are sought to be established by parol testimony offered to prove the promise, or by verbal declarations of the alleged trustee, and in passing on the sufficiency of such evidence the courts have said that it must be clear, precise and unequivocal. The only question in the case at bar is whether the evidence offered at the hearing meets this standard of legal proof. That it is a very close question is apparent from the record. The learned judges of the orphans' court, after a most careful consideration of the case, could not agree as to the inferences to be drawn from the established facts, but the majority held that the parol trust had been established by sufficient testimony. In our consideration of the question we have been aided by the careful preparation of paper-books by counsel on both sides, and by oral arguments clearly and concisely presenting the positions relied on by the contending parties. Notwithstanding all these aids we find some difficulty in reach-

ing a conclusion upon the merits of the exact question involved, which is, does the evidence warrant a finding that a parol trust has been established. We have concluded that it does. The intimate relations existing between the testatrix, the legatee named in the will and the claimants at the time the will was executed, are shown by the testimony and not denied. The testatrix, a lady with ample means and benevolent disposition, became interested in the Carter sisters, the claimants here, through their aunt, the legatee, and as a result an intimacy sprung up between them which lasted until the time of the death of the benefactress. A careful reading of the record forces the conviction on our minds that Mrs. Mercer intended not only to provide for the aunt, her friend, but also for the Carter sisters, for whom she had formed a strong attachment, and who were the special objects of solicitude and care on the part of both Mrs. Mercer and the aunt. The aunt was very much interested in her nieces. She was planning for their future. Mrs. Mercer grew very fond of these sisters, who became her companions and assistants. It was but natural that she should make some provision for them in her will when she was arranging for the comfort of the aunt. It is true the will in terms is an absolute bequest of $25,000 to the aunt, and no mention is made of the Carter sisters, but there is some evidence to show that Mrs. Mercer in her lifetime had an understanding with the aunt to provide for the sisters, and the evidence is convincing that the aunt, for many years after the death of the testatrix, regarded the bequest as held in trust for herself and the Carter sisters. The letter written by the aunt to her nephew, soon after the death of the testatrix, shows how she regarded the bequest at that time. It is in the following language : " It is marvelous the way in which God has taken care of the girls since they have been with me. They have worked hard to earn an honest living. The Lord tells us He will help those who help themselves, and He has done so to them and also to myself. My friend, Mrs. Mercer, whom Lelia was with for some time as her amanuensis, died while Lelia was in Virginia, and she has left the girls and myself $25,000. We praise God for putting it in her noble kind heart to give us that magnificent gift. We do not expect to get it for one year ; therefore we go on with our work until

we get it as we wish to meet our expenses as usual and not live in idleness and owe those we have dealings with." Clearly, the aunt at that time understood, and so declared, that the bequest was held in trust by her for the purposes stated in the letter. This written declaration of the aunt, the legatee, is supported by the testimony of John W. Carter, Mrs. Clark and Mrs. Rudicall. All of these witnesses testified that at different times the aunt made declarations to the general effect that the legacy of $25,000 had been left for the use and benefit of herself and the Carter sisters. One of these witnesses testified that the aunt had said to him the bequest had been made to her instead of to the Carter sisters because of their youth, and for the further reason that the aunt was more capable of handling the money, so as to secure the interest thereon and provide for the support of herself and them. To the same general effect is all the testimony in the case. It is urged that there is some variance in the testimony of the witnesses upon the question of just what the trust consisted in. All of the witnesses, however, agree that the principal was to be held intact, and only the interest used during the lifetime of the aunt. There is some doubt under the testimony what disposition was to be made of the interest. Whether it all belonged to the aunt, to be used as she thought proper, or whether it was to be held in trust for the common benefit of the three beneficiaries, does not clearly appear, but no question is raised as to the interest in this proceeding, and we do not think it is material in the determination of the question involved here. In our opinion the testimony is sufficient to establish a parol trust as to the principal. The court below has so found, and while the case is not entirely free from difficulty, on the whole we think the finding of the court should be sustained.

Decree affirmed, costs to be paid out of the estate.