# Christian Moerlein Brewing Co. *v.* Rusch, Appellant.

*Trusts and trustees—Principal and agent—Agent taking property in his own name — Right to damages for injury to property by change of grade—Parol promise—Act of April 22, 1856, P. L. 532—Evidence—Memorandum in writing—Witness—Failure to object to evidence at trial—Waiver—Appeals.*

1. The property of a principal does not necessarily become that of the agent, because the latter is authorized to and does receive it in his own name.

2. It is competent to show a writing was executed on the faith of a parol promise, although the latter may change the terms of the former.

3. A trust as to personal property may always be established by parol.

4. In an action to recover money received by defendant as change of grade damages to a leasehold standing in his name, where plain-

tiff claims that the leasehold was held in trust for them, judgment for plaintiff will be affirmed, where letters of defendant clearly admitted the existence of the trust, and the evidence shows that the damages had been formally assigned to defendant without consideration, in order to assist in their collection.

5. In such case, as plaintiff was not trying to enforce a trust as to realty, the five years' limitation provided by section 6 of the Act of April 22, 1856, P. L. 533, has no application.

6. Nor is it necessary, under the circumstances of the case, to decide whether a leasehold estate falls within the term of "lands, tenements or hereditaments" in section 4 of the Act of 1856, for, if so, the trust was sufficiently manifested or acknowledged in writing signed by defendant to satisfy the statute.

7. Where a witness has no present recollection of a past event, even when aided by a memorandum made at the time, the memorandum itself may be offered in evidence, on proof by the witness of his knowledge of its accuracy when made, and that it was made when the transaction was fresh in his mind.

8. The place to question the authenticity of written evidence, is in the trial court, where it can be met, and not on appeal.

Argued October 12, 1921. Appeal, No. 129, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., April T., 1920, No. 2054, on verdict for plaintiff, in case of Christian Moerlein Brewing Co. v. Ernest F. Rusch. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for money had and received. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $63,431.64. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant, n. o. v.

*Nelson McVicar,* of *McVicar, Hazlett, Gardner & Gannon,* for appellant.—The defendant was entitled to the damages resulting from the grading of Second Avenue by virtue of the title which the plaintiff, itself, conceded

was in the defendant: McMillin Printing Co. v. R. R. Co., 216 Pa. 504; Consolidated Ice Co. v. R. R. Co., 224 Pa. 487.

A trust of leasehold or other chattels real is within the statute, and must be proved by writing as in case of real estate.

The evidence of a trust was insufficient in quantity and quality for submission to the jury: Ralston v. Traction Co., 267 Pa. 257; Beckett v. Allison, 188 Pa. 279.

The memorandum of the witness was not admissible: Heart v. Hummel, 3 Pa. 414; Dodge v. Bache, 57 Pa. 421; Juniata Bank v. Brown, 5 S. & R. 226; Smith v. Lane et al., 12 S. & R. 80; Hottle v. Weaver, 206 Pa. 87.

*John G. Frazer,* with him *Reed, Smith, Shaw & Beal,* for appellee.—The award of the viewers in the name of E. F. Rusch is not conclusive as against plaintiff.

The trust was not void or unenforceable under the statute of frauds: Brown v. Beecher, 120 Pa. 590; Titusville Iron Works' App., 77 Pa. 103; Kile v. Giebner, 114 Pa. 381.

The trust with respect to the lease may well be considered a resulting trust, and such as is not subject to provisions of the statute: Hayes's App., 123 Pa. 110; Maffitt v. Rynd, 69 Pa. 380; Hess's App., 112 Pa. 168; Hollis v. Hollis, 254 Pa. 90; Simonds's Est., 201 Pa. 413; Davidson v. Davidson, 262 Pa. 520.

The assignment of damages by John Moerlein to Rusch did not prohibit plaintiff from recovering these damages from Rusch: Excelsior S. F. & L. Assn. v. Fox, 253 Pa. 257.

The plaintiff's evidence as to the existence of a trust was sufficient to submit to the jury.

Greenfelder's reports were admissible in evidence: Brown v. Com., 73 Pa. 321; P. & R. R. R. v. Spearen, 47 Pa. 300; Rothrock v. Gallaher, 91 Pa. 108.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

The plaintiff brewing company is located at Cincinnati and, in 1890, Joseph Bruening, the distributor of its beer in Pittsburgh, leased of Mary E. Schenley a lot at the corner of Second Avenue and Try Street, in the latter city, for the term of seven years, with the right to remove improvements erected thereon. Bruening erected certain buildings on the lot, which, with an assignment of the lease, he transferred to Christian Moerlein, of the plaintiff company, in 1893 for $17,000. In 1895 Ernest F. Rusch, the defendant, took Bruening's place as the exclusive distributor of plaintiff's beer in Pittsburgh and vicinity, and to him Moerlein made a sublease of the premises. At the expiration of the seven-year lease, Mrs. Schenley made a new lease to Rusch, for the same lot for a term of twenty and one-fourth years, which, in 1898, he, with Mrs. Schenley's approval, assigned to John Moerlein, who held it in trust for the brewing company. That year (1898) plaintiff expended over $33,000 in the erection of new buildings upon the lot, and in 1907 the further sum of $11,000. The lease stood in the name of John Moerlein until 1911 and meantime the premises were occupied by Rusch, who was licensed as a wholesale liquor dealer, but his sales were confined exclusively to beer bought of plaintiff. The arrangement was apparently beneficial to both parties; it made a market for plaintiff's product and defendant realized the profit on a large sale. So, while plaintiff furnished the place, defendant paid the ground rent, taxes, etc., incident to the leasehold estate. However, in 1906, viewers of a street improvement made a benefit assessment of $12,300 against this leasehold estate. In this proceeding Rusch was named as owner and took an appeal; but some years later a compromise verdict was taken in favor of the city for $9,000, which was paid by plaintiff through defendant and at his request. Before this compromise, defendant's attorney wrote plaintiff's agent requesting a reassignment of the lease to Rusch as

a probable help in the trial of that case and also in the renewals of the liquor license, and requested that such reassignment be post-dated. Pursuant to this letter, John Moerlein, on February 3, 1911, assigned the lease back to Rusch, and dated the same December 4, 1899. There was no consideration for the assignment to or from Moerlein.

About 1910 it became known that the city would so lower the grade of the street in front of this lot as to render the buildings thereon inaccessible and unfit for defendant's use. In view of that, plaintiff purchased another lot in Pittsburgh on which it erected very expensive buildings, to which defendant removed his business. In 1912 the city proceeded with the change of grade of the street in front of the Schenley lot, and the question of damages·to the leasehold interest, standing in the name of Rusch, became vital. At the request of his attorneys, and to remove any question as to the proper claimant, John Moerlein, in 1913, duly assigned to Rusch all damages sustained by such change of grade. Thereafter, on December 2, 1915, the city paid Rusch $49,-932.89, which included interest to that date, being the amount of the damages caused to the leasehold estate as adjusted. This suit was brought to recover from Rusch the sum last above mentioned, with interest, on the averment that, while the leasehold stood in his name, he was in fact the trustee thereof for plaintiff; this he denied and the case went to jury trial. Plaintiff offered a large amount of evidence tending to establish the trust, including oral and written admissions of the defendant, who also submitted evidence in support of his denial. The trial judge charged the jury the burden was on plaintiff to establish the trust by evidence clear, precise and indubitable. The verdict was for plaintiff for the full amount of the claim, and from judgment entered thereon defendant brought this appeal.

A careful examination of the entire record discloses no reversible error. The proofs fully justify the finding

of a trust, especially defendant's written admissions. For example, his letter to plaintiff of July 20, 1911 (after the lease had been reassigned to him), referring to a proposed sale of the unexpired term of the leasehold, contains a distinct admission of plaintiff's ownership and defendant's agency. Again, his letter to plaintiff of June 19, 1912, says, "As to the damages done your Second Avenue property want to say that you won't hear from this until all improvements have been made, and the awards made by the board of viewers, which will consume a year or more from this date." John Moerlein's formal assignment of the damages caused by change of grade was made to Rusch without consideration and at the written request of his attorneys so as to remove any doubt of his right to receive the damages (the transfer of the lease back to Rusch not then having been approved by the Schenley estate) and is not conclusive against the existence of a trust. The property of the principal does not necessarily become that of the agent because the latter is authorized to and does receive it in his own name. The evidence is defendant repeatedly acknowledged plaintiff's right to the damages in question after the assignment and even after he had received the money, and that for some time he concealed the latter fact from plaintiff.

It is competent to show a writing was executed on the faith of a parol promise, although the latter may change the terms of the former: Excelsior Sav. F. & L. Assn. v. Fox, 253 Pa. 257; Gandy v. Weckerly, 220 Pa. 285.

It is not necessary here to decide whether a leasehold estate is such "lands, tenements or hereditaments" as falls within section 4 of the Act of April 22, 1856, P. L. 532, for, if so, the trust is sufficiently manifested or acknowledged in writing signed by defendant to satisfy the statute. The locus in quo is admitted and described in the affidavit of defense and attached exhibit, while the trust is manifested by defendant's letters. Aside from this, plaintiff's suit is for personal property, to wit:

money, a trust as to which may always be established by parol: Simond's Est., 201 Pa. 413, 417; Hess's App., 112 Pa. 168; Maffitt's Administrator v. Rynd, 69 Pa. 380; Washington's Est., 220 Pa. 204.

As plaintiff is not trying to enforce a trust as to realty, the five-year limitation contained in section 6 of said act does not apply. In fact the damages for injury to the leasehold were received within less than five years after the lease was assigned to defendant and this suit was brought within less than five years after the damages were so received; of course plaintiff's right to sue for the money did not accrue prior thereto. Whether it was a resulting trust, or a trust so far executed as to take it out of the statute of frauds, we need not determine.

J. Greenfelder, as plaintiff's agent, had numerous conversations with defendant concerning questions pertinent to this suit. While the matter was fresh in his mind, Greenfelder put the conversations in writing in the form of reports to plaintiff. At the trial, Greenfelder was examined as a witness, but could not recall the substance of the conversations, even with the aid of the reports. He, however, identified the reports and testified, in a general way, as to his knowledge of their accuracy when made. The admission of the reports, over defendant's objection, constitutes the fifth assignment of error. The question was rightly ruled. Where a witness has a present recollection of a past event, although his memory is refreshed by a memorandum made at the time of the event, he testifies from such recollection; but where he has no present recollection of such past event, even when aided by his memorandum, the latter itself may be offered in evidence, on proof by the witness of his knowledge of its accuracy when made and that it was made when the transaction was fresh in his mind. This is in terms past the recollection of the witness and is admissible in evidence under the great weight of authority.

In Heart v. Hummel, 3 Pa. 414, 415, Chief Justice GIB-SON, speaking for the court, says, "It is fallacious to suppose that the law prefers memory to writing for the preservation of evidence; or that a memorandum which fails to move the memory of him who made it, cannot be introduced as independent proof, preceded by his oath, of its accuracy when it was written." In 10 R. C. L., p. 1145, section 350, following a discussion of the subject, it is stated, "that if a memorandum of the details of a transaction relevant to the issue is shown by testimony to be the original unaltered paper, and to have been correct when written, such paper is, in connection with such testimony, admissible as competent documentary evidence, though the witnesses have no recollection, either before or after examining the paper, of its details. The notation or memorandum is competent as evidence of the past recollection of the witness." The same rule is stated and illustrated in a comprehensive discussion in Wigmore on Evidence, vol. 1, beginning on page 836; see also 40 Cyc. 2467. Under a like principle a lawyer's notes of the testimony of a witness taken on a former trial are competent evidence: Rhine v. Robinson, 27 Pa. 30; P. & R. R. R. Co. v. Spearen, 47 Pa. 300; Chess v. Chess, 17 S. & R. 409. See also Dodge v. Bache, 57 Pa. 421; Phila. Housewrecking Co. v. Nolen, 252 Pa. 443.

We have referred to a letter from defendant's attorney requesting a reassignment of the lease to Rusch, and error is assigned to its admission because neither his signature nor his authority was proven. Error is also assigned to the admission of defendant's letter to plaintiff of July 19, 1911, for lack of proof of the signature, which was typewritten. No such objection was made to either letter in the court below and therefore cannot be considered here: Benner v. Fire Assn. of Phila., 229 Pa. 75; 3 Corpus Juris, p. 818. The place to question the authenticity of written evidence is in the trial court, where it can be met.

The affidavit of defense, in the nature of a demurrer, to plaintiff's statement, was properly overruled, as the latter makes out a prima facie case.

The assignments of error are overruled and the judgment is affirmed.