## In re Yaeck's Estate

554

*Harry C. Most,* and *Harry C. Kohlhas, Jr.,* for exceptants.
*William D. Harkins,* contra.

SINKLER, J., March 22, 1935.—The facts are sufficiently recited in the adjudication. The exceptions filed by the trustee and those filed by the residuary legatees named in the decedent's will both relate to the findings of the auditing judge that decedent intended the proceeds of the policy of life insurance to be for the benefit of his daughter, and that she is the beneficiary although not expressly named; to the finding of the auditing judge that the trust that arose from testator's declarations was a dry one, and to the award of the fund to a guardian, when appointed, of the estate of the minor daughter.

The testimony of seven witnesses heard by the auditing judge, among them the agent who caused the policy of insurance to be issued, and the child's mother, establishes the testator's intention that the insurance moneys be applied to the education of the child or to her education and support, or for these purposes until she become 18 years of age, or for her maintenance during her life. There is some variation in the testimony, but it is not contradicted. In Washington's Estate, 16 Dist. R. 561, we held that this court has power to determine whether a parol trust has been created as to a fund before it for distribution. An appeal to the Supreme Court was dismissed in an opinion by Elkin, J., reported in 220 Pa. 204. It is there held that a trust as to personalty may be established by parol.

The auditing judge was correct in his determination that the evidence before him was sufficient to establish a parol trust. The trustee is named in the paper entitled "Designation of Beneficiary". There is no uncertainty as to the trust res, to wit, the proceeds of the policy of insurance nor as to the object of the trust, that is, the testator's daughter. But the nature of the trust is not defined with the certainty required to create an active trust. We therefore think that the auditing judge was correct in holding that the trust was a dry one. If the object of the trust were sui juris the award would be made to her. Since she is non sui juris the award has been properly made to her guardian, when appointed and qualified.

No compensation is asked by accountant in the present accounting. Leave is granted to accountant to present to the auditing judge its claim for such compensation.

The exceptions are dismissed and the adjudication is confirmed absolutely.