This bill in equity was filed to enforce an alleged declaration of trust of the proceeds of a group of insurance policies on the life of John Gribbel, deceased, by the terms of which the defendants, three of the children of the insured, were made equal beneficiaries and the complainant, the fourth child, was excluded from participation therein. The complainant contended that at a meeting of the executors of the will of the decedent held on or about September 2, 1936, at the office of the Real Estate Trust Company of Philadelphia, the corporate executor, which was attended by the complainant and all of the defendants, being the four individual executors and Thomas A. Bracken, Jr., a trust officer of the corporate executor, and John A. McCarthy, an officer of the trust company and family adviser, it was agreed that the proceeds of the insurance fund would be held for the equal benefit of the defendants and the complainant and would remain uninvested to meet a contingent inheritance tax liability in the form of a loan to the estate of the decedent, after which it would be divided into four equal shares. The books of account of the decedent set forth large amounts owing by the decedent to his children. These balances had been deducted as debts in the return filed by the decedent's executors for tax purposes and there was some doubt as to whether the deductions would be allowed. Mr. McCarthy impressed upon those present the need for complete coöperation to effect a satisfactory disposition of the tax problems, and suggested that the insurance fund be divided into four equal parts so that both the defendants and the complainant would be in accord in an effort to pay as few taxes as possible. The division of *Page 13 
the fund was conditioned upon the complainant's behavior in respect to the solution of the tax difficulties.
The testimony of the four executors and Mr. Bracken was offered to establish the terms of that agreement. Unfortunately, the death of Mr. McCarthy precluded the benefit which the Chancellor and this court would have derived from his testimony. The understanding of each of the witnesses differed materially and the Chancellor found that the complainant had no property right in the fund and that no trust had been established for his benefit. In an exhaustive discussion and treatment of the evidence it was held that there was no clear, precise and indubitable evidence from which a voluntary declaration of trust could be inferred.
The issue before this court is confined to a determination of whether the record does establish by the type and character of evidence required under the decisions of the courts of this Commonwealth a declaration of trust in which the plaintiff has an equal share, the enjoyment of which is postponed subject to a condition. The complainant cannot recover by proof of a gift or a contract since both would be at variance with the theory of the bill of complaint: Hollis v. Hollis, 254 Pa. 90, 96. The complainant has recognized this restriction and confined his argument to the issue as stated.
It is firmly established that a trust in personal property may be established by parol: Christian Moerlein Brewing Co. v.Rusch, 272 Pa. 181, 186. The proof, however, must be clear, precise and indubitable: Washington's Estate, 220 Pa. 204, 205; definite and convincing: Free's Estate, 327 Pa. 362, 367; and the burden of furnishing it rests upon the party asserting the trust: Rocks v. Sheppard, 302 Pa. 46, 50. No particular form of words or conduct is necessary: Converse v. Hawse, 326 Pa. 1, 4; Restatement, Trusts, section 24 (2). The declaration of intention to establish a parol trust must be definite, clear and explicit and embody all the essential elements: Bair v.Snyder County State Bank, *Page 14 314 Pa. 85, 89. A final and definite intention to create a trust must be established and the evidence of its creation cannot be vague, uncertain or ambiguous: Brubaker v. Lauver, 322 Pa. 461; Restatement, Trusts, section 23.
In Bair v. Snyder County State Bank, supra, the court said that a trust must be created by clear and unambiguous language or conduct and cannot arise from loose statements admitting possible inferences consistent with other relationship. To declare a trust, moreover, there must be the expression of an intention to create a trust and not to make a present gift or a bilateral contract. The acts or words spoken must be unequivocal, plainly implying that the person holds the property as trustee: Wallace's Estate, 316 Pa. 148, 152, although the words "trust" or "trustee" need not be used: Restatement, Trusts, Section 24 (2). The presence or absence of such technical words neither establishes nor destroys the creation: Lawrence v. Godfrey, 296 Pa. 474; Smith's Estate,144 Pa. 428.
The manifestation of intention, essential to creation, must be restricted to a present intention to become a trustee and impose upon the declarant enforceable duties: Restatement, Trusts, section 25. In Smith's Estate, supra, the court stated at page 437: "Three things, it has been said, must concur to raise a trust; sufficient words to create it, a definite subject, and a certain or ascertained object: and to these requisites may be added another, viz., that the terms of the trust should be sufficiently declared." The acts performed and the words spoken must admit of no other interpretation than that the owner ceases to be and someone else becomes the beneficial owner of the property. The acts and words must be unequivocal: Smith's Estate, supra, at page 438.
When all these requirements are fulfilled, the proof of the declaration may be said to be clear, precise and indubitable. This court is of the opinion that the evidence in this case is not of the required type and character. *Page 15 
Each one of the persons present at the meeting on September 2, 1936, who now survive, had a different impression of what was said or done at that time, probably because the dominating figure and moving factor unfortunately does not survive. Two of the alleged settlors testified that they agreed to make a gift in the future, the other that there were various conditions to be performed before the matter would even be discussed. Scanning the testimony most carefully, however, it is impossible to infer that the settlors manifested an intention to create the type of relationship which to attorneys is known as a trust: Scott on Trusts (ed. 1939), Vol. 1, section 24, pp. 147-8; and to impose upon themselves enforceable duties. It more clearly appears that a course of future action was being formulated for the administration of the estate, more particularly with reference to the question of tax liability. The Chancellor has stated frankly that there was no thought of generosity. A problem was presented and the complainant's attitude was a threatening obstacle to its successful solution. In accepting the proposed course of action there was no intention to impose enforceable duties. The circumstances and the financial position of the parties negative the thought that a binding agreement was necessary to provide for the primary need, a cash reserve.
In Smith's Estate, supra, the court stated at page 443 that the completeness of a trust is to be judged not only by what was said or what was written but also by what was done. The owners of this insurance fund did not keep the proceeds under joint control but divided it into three parts, each of which was placed in an individual account, and, further, each of the defendants began to use the income therefrom for his or her own purposes. These uncontradicted facts are inconsistent with the creation of the alleged trust.
In the evolution of our economic order wealth has been increasingly represented by personal property rather than by real property. The growth of our common *Page 16 
law was founded upon an agricultural society in which the major part of the wealth was represented by the latter type and about which most of the legal safeguards were naturally cast, notably the statute of frauds. An anomalous and perhaps dangerous situation now results. It is particularly true of the parol declaration of trust and the facility by which it may be established. A gift requires delivery, which in itself is a safeguard. It takes little, however, to change a parol promise to make a gift in the future or to create a trust, or more particularly to create a trust the enjoyment of which is postponed into a declaration of present creation. Prudently our courts have required that proof of a parol declaration be clear, precise and indubitable, definite and convincing, free from ambiguity and subject to but one interpretation. If these requirements are to be disregarded as mere verbiage the consequences are grave but apparent.
We are of the opinion that the evidence fails to establish the averments of the bill of complaint and the exceptions of the complainant must be dismissed. The findings of fact and conclusions of law contained in the adjudication are hereby adopted and approved.
Plaintiff appealed.
Errors assigned, among others, related to the dismissal of exceptions to the findings and conclusions of the chancellor.
The decree is affirmed on the opinion of Judge ALESSANDRONI of the court below; costs are to be paid by appellant. *Page 17