Keller, Appellant, v. Keller.

Argued January 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Lyman Windolph*, with him *M. E. Musser*, for appellant.

*Paul A. Mueller*, with him *Alfred C. Alspach*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 19, 1945:

Bernice A. Keller, appellant, filed this bill in equity against Harrison B. Keller, her uncle, appellee, seeking to establish a parol trust of $6,000 for her benefit, said sum representing the proceeds of a $10,000 note given to appellee by appellant's deceased father, and to secure an accounting. An answer was filed denying the existence of the trust. This appeal is from the decree of the court below dismissing the bill.

M. B. Keller died April 30, 1922, leaving to survive him a widow, Adda Keller, a daughter Bernice, appellant, and two brothers, C. B. Keller and Harrison B. Keller, appellee. Decedent and his wife had separated nineteen months prior to his death. On July 1, 1921, he executed two judgments notes under seal, one payable on demand to appellee in the amount of $10,000, the other payable on demand to C. B. Keller in the amount of $8,000. Both notes were delivered to appellee on the day of their making and held by him until the death of M. B. Keller at which time the note to C. B. Keller was given to him by appellee. By his will dated December 30, 1921, M. B. Keller made four small bequests and left the

residue of his estate to appellant when she should attain the age of twenty-one years. His wife received a bequest of $200. Appellee was appointed testamentary guardian of appellant during her minority.

Bernice was born July 17, 1913, and was, therefore, a minor at the date of the filing of the first and final account of the executor of her father's estate on October 16, 1922. In said account appellee charged himself with the proceeds of real and personal property in the aggregate of $18,466.59. The two judgment notes were presented for payment. There was no balance for distribution because of credits claimed for the payment of these notes, which payments amounted to $6,000 to appellee on account of the $10,000 note which he held and a payment of the same amount to C. B. Keller on account of his $8,000 note. Exceptions filed by the widow to the account were subsequently withdrawn and the account confirmed as the result of a financial settlement with her.

The amount received by C. B. Keller on account of his note was invested in government bonds and later placed in a separate account described as Clayton B. Keller and Alma L. Keller, trustees for the use of Bernice Keller. After C. B. Keller's death in 1941, an account was filed by Alma L. Keller, his wife, describing herself as "surviving trustee of Clayton B. Keller and Alma L. Keller, trustees under a parol declaration of trust for the use of Bernice Keller". From this trust appellant received the sum of $6,749.93. The amount received by H. B. Keller, appellee, was invested in his home.

When Bernice was about eleven years of age she asked her uncle, "When are you going to give me my money?", to which he replied, "Oh, some time". On July 17, 1934, Bernice became twenty-one years of age and again inquired of her uncle whether he was going to give her her money. At this time appellee said, "Well, your Dad gave me $10,000 for you, but I don't have to give it to you if I don't want to, and if you try to make me you

will not get a cent." After the death of C. B. Keller, his widow, Alma, had a conversation with appellee about the proceeds of the notes. At that time appellee remarked that Bernice would get her money some time but not now. In answer to the question, "Just how much money did you have?", he answered, "I had $10,000." Appellee admits that he remarked that he had $8,000, stating that this included the proceeds of the note, plus $2,000 life insurance.

The chancellor concluded that the aforesaid statements were made, that appellee was under a moral obligation toward appellant, that in all good conscience and sense of fairness a latent wrong should be remedied, but held that the evidence adduced to establish the averments of the bill was not such clear, precise and indubitable proof as the law requires. This appeal is from the decree of the court below dismissing appellant's exceptions to the findings and conclusions of the chancellor.

A trust in personal property may be established by parol evidence: *Williams Estate,* 349 Pa. 568, 570; *Gribbel v. Gribbel,* 341 Pa. 11, 13. The burden of establishing the existence of the trust was upon appellant. Admittedly, this burden cannot satisfactorily be met by pointing to failure of a defendant to disprove the existence of the trust: *Heffner's Estate,* 134 Pa. 436, 444. While no particular form of words or conduct is necessary for the creation of a trust, language or conduct and a manifestation of an intention to create the same must be proven by evidence which is sufficiently clear, precise, and unambiguous: *Brubaker v. Lauver,* 322 Pa. 461, 463; *Bair v. Snyder Co. State Bank,* 314 Pa. 85, 89. See Restatement, Trusts, section 24(2). In reviewing the evidence to determine the existence of a trust the situation of the settlor and the beneficiary, financial and otherwise, their relation to each other as well as the purpose for which the trust was created, and circumstances under which it is to be administered must be given due

consideration. All the evidence and surrounding circumstances must be considered as an entirety; isolated facts and circumstances are ofttimes misleading and do not present a true picture.

When the evidence and circumstances are considered it is clear that appellant has sustained the burden of establishing a trust of the proceeds of the $10,000 note. Both notes were given at a time when the settlor and his wife were separated and he obviously desired to defeat her interest in his estate. By making the notes, totaling $18,000, a charge against his estate his net worth was reduced to approximately $500. Thus, the share of the wife, had she elected to take against the will, would have amounted to very little, if anything. It is apparent that great confidence was placed in both brothers to assure to Bernice when she attained the age of twenty-one the amount represented by the notes together with accrued income. Not only did decedent evidence his implicit trust in his brothers by giving to them the respective notes representing almost his entire estate, but in his will, written after the notes had been delivered to appellee and at a time when he must have known the small amount of his net estate, he left the residue of his estate to appellant when she should attain the age of twenty-one and named appellee executor and testamentary guardian for her during her minority.

Appellee has admitted upon several occasions that he had received money from appellant's father for her. On one occasion he remarked, "Your Dad gave me $10,-000 for you but I don't have to give it to you if I don't want to." That he added "but I don't have to give it to you if I don't want to" cannot overcome the apparent duty of preserving the fund for the benefit of Bernice. These words cannot preclude the existence of a trust. They do not establish that the gift was absolute and accompanied by precatory words. To the contrary, the admissions by appellee that he held money of appellant's father for her afford convincing proof of the existence of

a trust: *Free's Estate,* 327 Pa. 362, 366. While the conduct of a transferee in treating property as subject to a trust is insufficient to establish the existence of a trust, if in fact there was no trust, the action of C. B. Keller in placing the proceeds of his note in a separate trust account for the use of Bernice further strengthens the conclusion that a trust did in fact exist. *Brubaker v. Lauver,* supra, is not inconsistent with this opinion. There it clearly appeared that the original gift to the putative trustee was absolute. The evidence and circumstances clearly establish that the proceeds of the note in question were impressed with a trust.

We are of opinion that appellant has sustained the burden of establishing the existence of a trust by evidence sufficiently clear, precise, and indubitable. The court below, having found that appellee was under a moral obligation to repay the proceeds of the note, was in error in refusing to impose a legal duty to account for the same.

The decree of the court below is reversed and the record remitted for further proceedings consistent with this opinion. Costs to be paid by appellee.