**MUTUAL LIFE INS. CO. OF NEW YORK v. CLEVELAND et al.**

**Civ. A. No. 6721.**

United States District Court
W. D. Pennsylvania.

Feb. 17, 1949.

P. K. Motheral, of Pittsburgh, Pa., for plaintiff.

Willis A. MacDonald, of Butler, Pa., for defendants.

McVICAR, District Judge.

This is an interpleader case wherein by order of court and the agreement of the parties, Oren E. Cleveland, trustee for Gretchen Cleveland, is plaintiff in the interpleader issue, and the Butler Savings and Trust Company, Guardian of the Estate of Gretchen A. Bayer, a minor, is defendant. The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. On or about April 15, 1938, The Mutual Life Insurance Company delivered its

policy of life insurance numbered 5,349,994 on the life of Loretta B. Cleveland, in the face amount of $2,500.00, to said Loretta B. Cleveland. Said policy is attached to the original complaint filed in this proceeding. In said policy the beneficiary was designated as the insured's daughter, Gretchen Cleveland, if living, and if not, the insured's husband, Oren E. Cleveland.

2. On or about April 15, 1938, said Loretta B. Cleveland elected a mode of settlement whereby the amount payable on the maturity of the policy as a death claim should be paid in monthly installments of $50.00 each, payable to Gretchen Cleveland, and providing that each installment becoming payable prior to the date on which she attained the age of 21 years should be paid to Oren E. Cleveland, as Trustee for said Gretchen Cleveland. The Mode of Settlement provides, inter alia:

"I Payees:

"Gretchen Cleveland, daughter of the Insured is hereinafter referred to as the primary payee, and Oren E. Cleveland, husband of the insured, is hereinafter referred to as the contingent payee.

"II If The Primary Payee Shall Survive The Insured:

"The amount payable at the death of the insured shall be settled by Mode of Settlement (4) with monthly installments of $50. each, payable to the primary payee.

"If the primary payee shall die during the continuance of said Mode of Settlement (4), such settlement shall terminate at the death of the primary payee and the amount of unpaid principal and interest then under the supplementary contract shall be apportioned to the contingent payee, or if the contingent payee shall not be then living, shall be payable in single sum to the executors or administrators of the primary payee.

"V Anything Hereinbefore To The Contrary Not Withstanding:

"It is agreed that each installment under said Mode of Settlement (4) becoming payable to the primary payee prior to the date on which the primary payee shall attain the age of twenty-one years, shall be payable as it becomes due, to the contingent payee, if living on its due date, as trustee for the primary payee. * * *"

3. The premium on said policy due on April 15, 1941 was not paid and said policy therefore became automatically converted into Term insurance in the amount of $2,467.00, until February 21, 1946.

4. Loretta B. Cleveland died on December 17, 1944 and after proof of her death was filed, The Mutual Life Insurance Company of New York in settlement of its liability under said policy issued its supplementary contract No. S. N. 45,337, which provides for payments in accordance with the Mode of Settlement attached to policy No. 5,349,994, which Mode of Settlement is incorporated into said supplementary contract No. S. N. 45,337.

5. In accordance with the order of court in this proceeding dated September 29, 1947, The Mutual Life Insurance Company of New York has paid into the registry of this Court the sum of $2,500.00. In accordance with the order of court in this proceeding dated March 3, 1948, the sum of $265.00 has been paid by the Clerk of the Court to counsel for The Mutual Life Insurance Company of New York.

6. Gretchen Cleveland, also known as Gretchen A. Bayer, was born on May 12, 1934, and is the natural daughter of Loretta B. Cleveland, and on the date that the proceeds of said policy were due and payable was the stepdaughter of Oren E. Cleveland.

7. That Gretchen Cleveland was adopted by Mabel C. Bayer, said adoption proceedings having been instituted in the Orphans' Court of Butler County, Pennsylvania, and on May 4, 1945, the Butler Savings and Trust Company, a banking corporation duly incorporated and existing under the laws of the Commonwealth of Pennsylvania and having its principal office in the City of Butler, Butler County, Pennsylvania, was appointed as guardian of the estate of said Gretchen A. Bayer by the Orphans' Court of Butler County, Pennsylvania.

8. Loretta B. Cleveland, the insured in said policy No. 5,349,994, and Oren E. Cleveland, orally agreed at the time of the application for said policy that if said Loretta B. Cleveland died during the minority of Gretchen Cleveland the monthly pay-

360

ments to be made to Oren E. Cleveland as Trustee for Gretchen Cleveland under the Mode of Settlement elected by said Loretta B. Cleveland and made part of said policy were to be held by Oren E. Cleveland until Gretchen Cleveland should enter a college, and should be expended by him in payment of tuition and other expenses incident to her college education; and that if said Gretchen Cleveland did not enter a college the insurance proceeds were then to become the property of Oren E. Cleveland.

### Conclusions of Law

1. Oren E. Cleveland, having duties to perform as trustee for Gretchen Cleveland under the terms of the trust agreement between Oren E. Cleveland and Loretta B. Cleveland with reference to the proceeds of insurance policy No. 5,349,994 and supplementary contract No. S. N. 45,337, the trust is an active one.

2. Oren E. Cleveland is entitled to receive the balance of the proceeds of said policy No. 5,349,994 and supplementary contract No. S. N. 45,337 now in the registry of this Court.

### Opinion

Defendant, the Butler Savings and Trust Company, guardian of the estate of Gretchen A. Bayer, in its brief, states:

"The sole question to be determined is whether or not the claimant, Oren E. Cleveland, produced sufficient evidence of the type and character necessary to establish a parol trust of the insurance proceeds in issue." •

Defendant admits that a trust in personal property may be established by parol evidence.

In Gribbel v. Gribbel, 341 Pa. 11, 17 A.2d 892, 894, the Supreme Court, in its opinion, stated:

"It is firmly established that a trust in personal property may be established by parol. Christian Moerlein Brewing Company v. Rusch, 272 Pa. 181, 186, 116 A. 145. The proof, however, must be clear, precise and indubitable, In re Washington's Estate, 220 Pa. 204, 205, 69 A. 747, definite and convincing, In re Free's Estate, 327 Pa. 362, 367, 194 A. 492; and the burden of furnishing it rests upon the party asserting

the trust, Rocks v. Sheppard, 302 Pa. 46, 50, 152 A. 754."

See Keller v. Keller, 351 Pa. 461, 41 A. 2d 547; In re Gorgas' Estate, 147 Pa.Super. 319, 24 A.2d 171; Overly v. Overly, D.C. W.D.Pa., 65 F.Supp. 174, affirmed by Third Circuit Court of Appeals, 158 F.2d 384.

The evidence to establish the parol trust (Finding of Fact 8) was clear, precise and indubitable. Oren E. Cleveland, as trustee under the oral trust, would have active duties to perform; namely, to maintain and invest the fund until Gretchen should enter a college and then to pay out funds as needed for the expenses of her education.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this opinion.