Danner et al., Appellants, *v.* Danner.

Argued October 3, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused January 3, 1951.

*Mahlon E. Lewis,* with him *Emanuel Amdur,* for appellants.

*John M. Reed,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 13, 1950:

George A. Danner died August 2, 1947, and by his will left all of his property to his wife Clara O. Danner, defendant in this suit. His two sisters, Ray C. Danner and Marguerite Danner, brought this bill in equity seeking to have $5000 worth of those assets impressed with a trust for their benefit. After hearing testimony, the learned chancellor entered a decree nisi dismissing the bill. Exceptions were dismissed and the decree made final by the court in banc. This appeal was then taken.

Danner married defendant in 1924 and the following year he executed his will leaving his estate to defendant as sole legatee. On his death, she received under his will the sum of $4,954.95 and in addition she became the sole owner of approximately $48,000 worth of assets representing insurance proceeds and property formerly held as tenants by the entireties.

Plaintiffs' claim is based on a letter written to them by Danner on May 12, 1944, in which he quoted from a memorandum, dated October 27, 1943, which he said he gave to defendant. The quoted portion of that memorandum was as follows: "If I should die before you—note following: 1st Do not go back on your promise to give my sisters, or if only one sister is living then to her, Five Thousand Dollars in cash; if we together have Twenty Thousand or over including total value of my Insurance Policies."

Plaintiffs testified that on several occasions he orally repeated the substance of that memorandum to them. That memorandum was not found among Danner's papers and defendant denies ever having received

it or of having promised Danner she would give plaintiffs any money at all. She admitted, however, that Danner had asked her to give money to plaintiffs and there was evidence that she had told plaintiffs of Danner's wish.

After careful consideration of all of that evidence, the court below held that it was legally insufficient to establish a trust. It is that ruling that plaintiffs challenge on this appeal.

The gift or bequest of an absolute interest subject to an orally imposed condition has long been a subject of litigation in this Commonwealth. Out of the wealth of cases certain principles have become firmly established. It is clear that where a legacy is *induced* by the legatee's promise to hold it for the benefit of another or where the legatees' promise *induces* the testator not to change his will, a constructive trust will be erected: *Hollis v. Hollis,* 254 Pa. 90, 98 A. 789; *Blick v. Cockins,* 234 Pa. 261, 83 A. 196; *Jones v. McKee,* 3 Pa. 496. There is no contention here, nor could there be in view of the chancellor's finding to the contrary, that defendant induced Danner to name her as sole legatee. Therefore, these cases in no way are helpful to plaintiffs.

There is, however, a line of cases where a trust will be constructed on proof of a promise by the legatee to the testator even though that promise did not induce the gift: *Keller v. Keller,* 351 Pa. 461, 41 A. 2d 547; *Metzger v. Metzger,* 338 Pa. 564, 14 A. 2d 285; *Kauffman v. Kauffman,* 266 Pa. 270, 109 A. 640; *Washington's Estate,* 220 Pa. 204, 69 A. 747. Those cases proceed not on the theory of fraud but rather on the theory of unjust enrichment: *Brenneman Estate,* 360 Pa. 558, 63 A. 2d 59. It is upon this latter group of cases that any claim for recovery by plaintiffs must be based.

It is axiomatic that to prove a trust by parol the evidence must be clear, precise and indubitable: *Williams Estate,* 349 Pa. 568, 37 A. 2d 584; *Moffitt v.*

*Moffitt,* 340 Pa. 107, 16 A. 2d 418; *Rocks v. Sheppard,* 302 Pa. 46, 152 A. 754. In the *Metzger* case, supra, and the *Kauffman* case, supra, the trust relationship was admitted by defendant in open court. In *Washington's Estate,* supra, a letter, written by the legatee, admitted the existence of a trust. And in *Keller v. Keller,* supra, it was found as a fact from the testimony that defendant had told plaintiff he had been given the money for her but wasn't going to give it to her at that time. Thus, in those cases, and in all others that we have been able to discover where recovery was allowed when the element of inducement was lacking, the clear, precise and indubitable proof was furnished by the legatee's own admission of the promise.

Here the evidence falls far short of those strict standards. Plaintiffs did prove that defendant admitted Danner wanted her to give them money but that statement cannot by any stretch of the imagination be construed as a promise by defendant to pay them $5000. The only evidence tending to prove a promise is the letter from Danner to plaintiffs in which he quoted from a memorandum to the effect that defendant should not go back on her promise to pay his sisters $5000. That evidence, although tending to corroborate plaintiffs' theory, is clearly insufficient by itself to meet the heavy burden of proof imposed by law upon one who seeks to establish a trust by parol. See *Brenneman Estate,* supra at p. 563; *Moffitt v. Moffitt,* supra. The learned court below, therefore, properly dismissed the bill.

Decree affirmed at plaintiffs' cost.