**Harry E. WOLFF, Administrator of the Estate of Thomas P. Jose, Deceased**

v.

**Henry CALLA and Anna Margaret Mc-Kittrick Calla, individually and as tenants by the entireties.**

Civ. A. No. 36479.

United States District Court
E. D. Pennsylvania.

Aug. 7, 1968.

Miles Warner, Philadelphia, Pa., for plaintiff.

William J. Leon, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

Plaintiff, Harry E. Wolff, initiated this suit September 11, 1964 to hold the defendants to account for money and property allegedly taken by defendant, Henry Calla, in 1958 from the estate of one Thomas P. Jose, either before or after Mr. Jose's death on September 29th of that year. Federal jurisdiction was based on diversity of citizenship.

The jury found that the defendant had received money and property from the late Thomas P. Jose amounting to $2,186.99, that this property had been received by Mr. Calla in trust for Joseph Jose, Thomas's surviving brother, that Mr. Calla unjustifiably had refused to pay the trust fund to the beneficiary, and that the defendant was individually liable for plaintiff's counsel fees. The jury found that the defendant was not liable for penal damages.

On January 26, 1968, the plaintiff filed motions to enter judgment on the verdict and to amend the complaint to include a claim for counsel fees, and, on January 28th the defendant filed a motion for Judgment N.O.V. This Court granted the plaintiff's motion to amend and entered judgment on the verdict on February 2, 1968. Currently before the Court are the defendant's motion for Judgment N.O.V. and an additional motion by the plaintiff to include counsel fees incurred after the jury verdict. For reasons discussed below both of these motions must be denied.

The defendant has based his motion for Judgment N.O.V. upon four separate contentions. He contends first that the verdict must be set aside because, although the action was commenced as a "trespass" action on the law side of the court, the issues ultimately decided were equitable in nature and hence the factual questions related to these issues were not proper questions for jury deliberation.

■■ This contention clearly must be rejected in view of the fact that one of the most important objectives served by adoption of the Federal Rules of Civil Procedure was the abolition of the formal distinction between law and equity:

"Under the liberal rules of the reformed procedure, a plaintiff is entitled to recover, not on the basis of * * * his theory of damages, but on the basis of the facts as to damages shown in the record. * * * Differences in the forms of claims being abolished, the plaintiff should be denied relief only when, under the facts proved, he is entitled to none." Nester v. Western Union Tel. Co., 25 F.Supp. 478 (S.D. Cal., 1938); Lance Inc. v. Ginsburg, 210 F.Supp. 272 (E.D.Pa., 1962).

Thus, under the Federal Rules remedies which formerly were differentiated as legal or equitable, are both available to litigants in any federal civil action. See, New England Mutual Life Ins. Co. v.

Barnett, 39 F.Supp. 761, 763 (S.D.Ala., 1941). Similarly, a trial court in any federal civil action is permitted to fashion any appropriate relief whether this involves the adoption of legal and/or of equitable remedies. See, Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 148 A.L.R. 226 (1943).

The facts of this case uniquely illustrate the wisdom of abolishing the law/equity distinction. As the defendant accurately contends, the plaintiff initially framed this action as one in trespass on the theory that the defendant had intermeddled with Mr. Jose's assets and thus had become a trustee ex maleficio. During the course of the trial it became clear that the defendant in fact had received a sum of money from the decedent during the latter's lifetime and that the primary issue in the case was therefore equitable rather than legal in nature, i. e. whether or not the defendant was a trustee of these assets under an intervivos trust. To bar plaintiff's recovery because he did not bring an action in equity for an accounting, however, would be to exalt form over substance. The Federal Rules clearly prohibit this Court from reaching such a result.[1]

 The defendant next contends that there was no evidence presented at trial upon which a jury reasonably could decide that there was in fact a parol trust. As noted supra, f. n. 1., the Court has concluded that there was sufficient evidence at trial to support this finding. In reaching this conclusion the Court was guided by the discussion of the law in Keller v. Keller, 351 Pa. 461, 464–465, 41 A.2d 547, 548–549 (1945):

"A trust in personal property may be established by parol evidence * * * (w)hile no particular form of words or conduct is necessary for the creation of a trust, language or conduct and a manifestation of an intention to create the same must be proven by evidence which is sufficiently clear, precise and unambiguous * * *. In reviewing the evidence to determine the existence of a trust the situation of the settlor and the beneficiary, financial or otherwise, their relation to each other as well as the purpose for which the trust was created, and the circumstances under which it is to be adminstered must be given due consideration. All the evidence and surrounding circumstances must be considered as an entirety."

In *Keller* the court held that the defendant's statement, " * * * your Dad gave me $10,000.00 for you, but I don't have to give it to you if I don't want to * * * " was sufficient proof of the existence of a parol trust. The circumstances surrounding the transfer of money from the decedent to the defendant require a similar conclusion in this case.

Thirdly, the defendant argues that this court erred in permitting the plaintiff to amend his complaint during trial to add a claim for counsel fees. He contends that until the time when the plaintiff made this motion he was unaware of the likelihood of this claim and that

---

1. There is authority which supports continued adherence to the law-equity distinction. In *Hurwitz*, supra, 136 F.2d at p. 799, the Court held that in actions of an equitable nature the verdict of the jury was only advisory and that in such cases the trial court therefore should make independent findings. Although it is unlikely that this holding is applicable here, in order both to prevent any further confusion and to insure the final termination of this litigation the Court has reached independent findings which concur completely with those made by the jury. The undisputed evidence established that Mr. Calla received $2,186.99 from Thomas Jose before the latter's death, and that at the time of the transfer Calla and Jose discussed the fact that the former should use the funds for Jose's brother, Joseph Jose. In view of these facts and the other facts indicating the blind brother's total dependence upon the defendant, the Court must reject the defendant's theory that the transfer of the assets was an absolute gift with mere precatory language to use the fund to help Joseph Jose if Calla so desired.

therefore he was prejudiced when the court allowed the amendment.

■■ It is clear that a district court has wide discretion in permitting amendments to pleadings, and is required to allow amendments freely. See, Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and generally Canister Co. v. Leahy, 191 F.2d 255 (C.A. 3, 1951), cert. den. 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. Accordingly, amendments frequently are permitted at trial in pursuance with Rule 15(b) of the Federal Rules of Civil Procedure which reads, in pertinent part:

> "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

See also, E.g. Browne v. R. & R. Eng'r. Co., 164 F.Supp. 315 (Del., 1958). The court must consider the prejudice to either party resulting from the disposition of the motion. See, Coopersmith Bros., Inc. v. Stefko Blvd. Shopping Center, Inc., 30 F.R.D. 1 (E.D.Pa., 1962).

■ Although it is true that the claim for counsel fees was not raised until trial, it is clear that at the time the motion for amendment was made the defendants were familiar with all the facts upon which this claim was based. It also is clear that the addition of this claim to the case did not require any different or additional preparation by defense counsel. In fact, defense counsel at no time asked for a continuance for the purpose of preparing to meet the claim for counsel fees.

■ Finally, conceding the propriety of permitting the amended claim for counsel fees the defendant argues that the plaintiff can not recover counsel fees from the individual defendant trustee. The law generally, in Pennsylvania and elsewhere, is that " * * * each party to an adversary litigation is required to pay his own counsel fees. * * * " Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1145 (1926). There is, however, a well-recognized exception to this rule in cases where suit is brought to remove a trustee for mismanagement or to require distribution of a trust fund. In such situations either the trust funds itself may be charged with the plaintiff's counsel fees, See, Harris's Appeal, 323 Pa. 124, 186 A. 92 (1936), or the trustee individually may be charged with these costs. In determining which of these remedies is appropriate a court must consider all the relevant circumstances of the case:

> "Courts assess counsel fees against a trustee individually only when his conduct has been of a gross or inexcusable nature. * * * (But) if the facts dictate the court should certainly not hesitate to make an exception to the general rule." Wilmington Trust Company v. Coulter, Del.Ch., 208 A.2d 677 (1965).

See also, Taborsky v. State of Conn., 142 Conn. 619, 116 A.2d 433, 49 A.L.R. 2d 1238, 1240–1241. Thus, in *Wilmington Trust*, supra, for example, the court held the trust company individually responsible for the beneficiaries' counsel fees because it did not believe that the facts of the case justified the trust company adding the beneficiaries as third-party defendants for purposes of exonerating itself.

■ In this case both the jury and the Court have found that the defendant's refusal to distribute all but a small part of the trust corpus to the beneficiary was unjustifiable. Moreover, the defendant compounded his wrongdoing by asserting a personal claim over the trust fund, and thereby depriving the aged and blind beneficiary of these funds for more than nine years. Under these circumstances the Court must conclude that it is reasonable to assess Mr. Calla

individually for plaintiff's counsel fees in the amount of $1,000.00 rather than to diminish further an already small trust. The Court believes, however, that this award reasonably compensates the plaintiff's attorney, and accordingly, the plaintiff's motion to add a claim for counsel fees incurred after the jury verdict must be denied.

For all of the reasons discussed above, the defendant's motion for Judgment N.O.V. must be denied, and the plaintiff's motion to add a claim for counsel fees incurred after the jury verdict also must be denied.