### RUSSELL v. UNITED STATES TRUST CO. OF NEW YORK.

#### (Circuit Court, S. D. New York. January 2, 1904.)

**1. FEDERAL COURTS—BINDING EFFECT OF STATE DECISION—CREATION OF TESTAMENTARY TRUST.**

> While the federal courts adopt the local law of real property, as ascertained by the decisions of the state courts, including that pertaining to the construction of wills, such decisions merely afford a guide in applying the general rule that the intention of the testator is to be carried out to the solution of the question whether a will creates, by way of wish or recommendation, a testamentary trust.

**2. TESTAMENTARY TRUST—RULES OF CONSTRUCTION.**

> Language not imperative in form, but which appears to be imperative in its real meaning, as intended by a testator, will create a testamentary trust, while language used by way of suggestion, advice, etc., with a view to influence, but not to direct the discretion of the devisee, will not raise a trust.

**3. SAME—CONSTRUCTION OF WILL.**

> A testator left his property to his wife and daughter; the will reciting that his mother was living, and dependent upon her children, and he therefore requested his wife to pay her such sums as might be requisite for her comfort, etc. The will then added, "and it is my wish and expectation that when my wife J. shall make her will disposing of the property left her by me that she will generously remember the children of my deceased brother W. and such others as she may choose." *Held* not to create a trust in favor of the children of the deceased brother.

Wm. G. Henney, for complainant.
Edward W. Sheldon, for defendant.

WALLACE, Circuit Judge. The question whether a trust in favor of the complainant, or a charge on the property devised and bequeathed, was created by the will of the testator, depends wholly upon the terms of the will; no extraneous circumstances bearing on its interpretation having been set forth in the bill of complaint.

The testator's will, after leaving his wife two-thirds of all his real and personal property, and to his daughter the remaining one-third or residue, proceeds as follows:

"At this date my mother is living very aged and feeble and who may survive me, and dependent upon her children for support I therefore request my dear wife Jane in whose affection and generosity I have full confidence to pay to her or to her caretaker such sum or sums of money as may be requisite for her every comfort or otherwise to pay my brother Henry one half of the sum expended by him for our dear mother's support and the same request and conditions are intended to be applicable to my sister Catherine C. Johnson so long as she remains in America and it is my wish and ex-

---

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

pectation that when my wife Jane shall make her will disposing of the property left her by me that she will generously remember the children of my deceased brother William and such others as she may choose."

The complainant is one of the children of the deceased brother William, mentioned in the latter part of the clause, and the theory of a trust is founded on the language of that part of the clause.

The federal courts adopt the local law of real property, as ascertained by the decisions of the state courts, whether grounded on the construction of statutes or the unwritten law of the state, including that pertaining to the construction of wills. Jackson v. Chew, 12 Wheat. 153, 6 L. Ed. 583; Lane v. Vick, 3 How. 482, 11 L. Ed. 681; Henderson v. Griffin, 5 Pet. 151, 8 L. Ed. 79. But upon the question whether the expression of a testator, in his will, of a wish or recommendation, will create a trust, the decisions of the state courts merely afford a guide in applying the general rule that the intention of the testator is to be effectuated.

The present inquiry is whether the wish or recommendation of the testator was meant to govern the conduct of his wife, or whether it was meant merely as an expression of preference. An expression may be imperative in its real meaning, although couched in language which is not imperative in form; and, when it appears to have been used in this sense by the testator, the courts will give it due effect. If it is used by way of suggestion, counsel, or advice, with a view to influence but not to direct the discretion of the party, it will not raise a trust. Although a devise or bequest to one person, accompanied by words expressing a wish, entreaty, or recommendation that he will apply it in whole or in part to the benefit of others, may create a trust, if the subject and object are sufficiently certain, they will not do so unless the words appear to have been intended by the testator to have been imperative; and, when property is given absolutely and without reservation, a trust is not to be lightly imposed upon mere words of recommendation and confidence. These propositions are familiar in the law of recommendatory trusts, but in applying them the courts have sometimes implied and sometimes negatived the existence of a trust from the use of the same or equivalent terms, according to the light thrown on the intention of the testator by the various provisions of the will, and by such extraneous facts as have been considered material in interpreting them. The adjudged cases are, consequently of little value in deciding the meaning to be given to the words in a particular will, and none have been cited by counsel in which the language employed by the testator was so precisely or closely like that in the present will as to be of controlling weight.

Of the authorities cited, those which are the most favorable to the complainant are Collister v. Fassitt, 163 N. Y. 281, 57 N. E. 490, 79 Am. St. Rep. 586, and Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138. In each of these cases other clauses of the will and some extraneous facts were treated as of some value as indicating the meaning of the testator in the particular clause. In Collister v. Fassitt the clause was as follows:

"Fourth. I direct my wife, out of the property hereinafter given and bequeathed to her by this will, to use so much thereof for the support of my

niece, Georgie S. Collister, as my said wife shall from time to time in her discretion think best so to do."

The court held that these words created a trust; four judges being of that opinion, and three dissenting. In Colton v. Colton, the clause read as follows:

"I give and bequeath to my said wife all of the estate real and personal of which I shall die seized, possessed, or entitled to. I recommend to her the care and protection of my mother and sister, and request her to make such gift and provision for them as in her judgment will be best."

The court held that a trust was created by the clause.

The present case differs primarily from either of these cases because the testator did not "request" or "direct" his wife, in referring to the future disposition of the property left to her. But this consideration is of little importance. Undoubtedly the word "wish" may be equivalent to "will" or "request" or "direct," if the context justifies that meaning. Bliven v. Seymour, 88 N. Y. 469. In Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411, 8 Am. St. Rep. 737, it was given that meaning. But in both of these cases the context authorized the implication that it was used imperatively. So, also, the word "wish" may be equivalent to "request"; but the meaning of the word "request," standing alone, is indeterminate, and depends altogether upon the context. Foose v. Whitmore, 82 ·N. Y. 405,· 37 Am. Rep. 572. Except that in this case, as in all of those cited, the testator used a word which may be regarded as imperative or as not imperative, these authorities do not assist the present decision. The testator's expression of a "wish and expectation" that his wife should "generously remember" his brother's children, and "such others as she may choose," when she should make her will, is one of hope and confidence, rather than of command. That he did not intend to use it in an imperative sense appears from the context, and the provision for the mother denotes the distinction which existed in his mind between words of command and words of recommendation. When he proposes to provide for his mother, he "requests" his wife to pay to her or to her caretaker an ascertainable sum—"such sum or sums as may be requisite for her every comfort." This part of the clause may very properly be read as imperative. But when he refers to the persons mentioned in the latter part of the clause, he substitutes for the word "request" the words "my wish and expectation"—words which are calculated to appeal to her judgment, rather than to coerce it. More significant, as indicating that he did not intend by these words to dictate the action of his wife, is the circumstance that he applies them alike to the children of the deceased brother, and to "such others as she may choose." If the will had read, "I request [or direct] my wife by her will to generously remember my deceased brother's children and such others as she may choose," the wide latitude of discretion given to her would be quite inconsistent with an intention to dictate or command. As it does read, the language is more clearly indicative merely of suggestion and preference. It falls short of denoting any definite disposing intention in favor of the persons mentioned.

The demurrer is sustained.