**CROSSETT v. UNITED STATES**
(two cases).

Nos. 43297, 43298.

Court of Claims.

Jan. 8, 1940.

Bernhard Knollenberg, of New York City (Joseph W. Wyatt, of New York City, on the brief), for plaintiffs.

Guy Patten, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

On December 30, 1922, the plaintiffs, who are husband and wife, jointly executed a trust conveying to Edward C. Crossett, as trustee, a three-ninths undivided interest in the Crossett Land & Investment Company, which the plaintiffs owned as copartners, for the equal benefit of each of their three minor children. Unless revoked, the trust for the benefit of each child was to continue for her life, and at her death the property was to be conveyed to her heirs and legal representatives.

The beneficiaries had no right to dispose of the property during their lifetime, but did have the right to dispose of it by will. The grantors, however, reserved the right to terminate the trust at anytime, both parties agreeing thereto.

Neither of the plaintiffs included in his or her individual income tax return for the years 1924 and 1925, during both of which years the trust was in effect, any part of the income of the trusts, but they now concede that that part of it which was expended for the support and maintenance of the beneficiaries, their children, should be included. The Commissioner of Internal Revenue included one-half of all of the income in the individual income of each of the grantors.

The plaintiffs say this was erroneous because the trust does not come within the terms of section 219 (g) of the Revenue Act of 1924. This section provides for the inclusion in the gross income of the grantor of the income from a trust, if the power of revocation is reserved to the grantor, acting alone or in conjunction with a person not a beneficiary of the trust. The plaintiffs say this trust does not come within its terms because it could not be revoked without the consent of both the grantors, each of whom was a possible beneficiary since under the laws of Iowa a parent succeeds to all of a child's property if he dies without issue and unmarried, and to a portion thereof if, although married, he dies without issue.

The design of section 219 (g) was to include within the income of a grantor the income of all trusts where the grantor retained the right to revoke it at anytime and to resume the enjoyment of the income therefrom. It was thought that the grantor's right to revoke it at anytime was not restricted by the inclusion of a provision giving him the right to revoke only with the consent of another, if the other were not a beneficiary, because the other having no interest against revocation, it was assumed that he would offer no objection thereto. On the other hand, if the trust were revocable only with the consent of the beneficiary, the grantor's right to revocation was not free and untrammelled, since the beneficiary's interest was against revocation and, therefore, the income from such a trust was not required to be included in the grantor's income. Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed.

1109; Reinecke v. Northern Trust Company, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916.

Even if, in construing section 219 (g), a person can be considered as both a grantor and a beneficiary, it is nevertheless apparent here that the interest of each of the grantors, as beneficiaries, is not adverse to the revocation of the trust. When revoked, the grantor became revested with his original interest in the property. As a beneficiary, he had only an uncertain speculative interest dependent upon a number of factors: his surviving his children, their not making wills, their marriage, and their having issue. As a beneficiary, he could not hope to acquire an interest as great as that with which he would be revested upon revocation, unless all three children died before he did and died unmarried and without issue. Since his interest as a beneficiary is not adverse to the revocation of the trust, it would seem that for this reason alone neither of the joint grantors here can be considered as a "beneficiary" as used in this section.

The trust was not created for the benefit of the grantors, but for the benefit of the children, and only the children in this trust can in any true sense be deemed beneficiaries. Section 219 (g) cannot be construed to include a beneficiary who is also one of the grantors, when the interest in the trust of each of the grantors, as a beneficiary, consists merely of a reversionary interest in a part of the property conveyed, and a remote, contingent remainder interest in the other part.

While the section uses the singular form "grantor," we think it should be construed, in these cases at least, to mean the plural as well. See Commissioner of Int. Rev. v. Honnold, 2 Cir., 77 F.2d 995, 30 B.T.A. 774, 785, Sec. 1, Chap. 1, Title 1 of the U.S.C.A.

The plaintiffs rely upon Honnold v. Commissioner, supra; Smith v. Commissioner, 1 Cir., 59 F.2d 56; Jones v. Commissioner, 27 B.T.A. 171; Stetson v. Commissioner, 27 B.T.A. 173; and Armstrong v. Commissioner, 32 B.T.A. 1261.

All of these cases are to be distinguished from the one at bar because, first, in none of them was the beneficiary also one of the grantors and, second, in each case the interest of the beneficiary, though it was

quite remote in some, was, at any rate, adverse to revocation of the trust.

■ Congress plainly intended that the income from all trusts should be included in the income of the grantor or grantors, unless it was necessary to its revocation that the grantor or grantors secure the consent of someone whose interest was against revocation. The interest of both grantors in these cases is not against but in favor of revocation.

It follows that plaintiffs' petitions must be dismissed. It is so ordered.