## STERN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 212.

Circuit Court of Appeals, Second Circuit.
July 19, 1943.

Abraham L. Bienstock, of New York City, for petitioner Helen Vogel Stern.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key, Helen R. Carloss, and Ray A. Brown, Sp. Assts. to Atty. Gen., of counsel), for Commissioner of Internal Revenue.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The record shows that the $50,000 advanced by the taxpayer's husband in connection with the settlement was disbursed to her personally but that all the other money, including the $400,000 placed in trust, was put up by the Erlanger brothers who furnished it in order to get rid of the actions brought by the taxpayer against their sister. The question is whether sums of money which were not the product of the husband's earnings or a part of his estate, but were wholly furnished by third parties, should be treated as his for income tax purposes merely because they were a means of relieving him from future payments of alimony.

The gross income of a taxpayer which, after permitted deductions, is subject to income taxes is defined (26 U.S.C.A. Int. Rev.Code, § 22) as including "gains, profits, and income derived from salaries, wages, or compensation for personal service * * * or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, * * * growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." No part of the corpus of the trust here was derived from the earnings, property or business of the taxpayer's husband and because of this alone we think she must fail in her appeal.

It is argued, however, on behalf of the Commissioner that there was an actual or constructive receipt by Allison L. S. Stern of the advances made by the Erlangers and that these advances became his before they were applied to the trust, but the Tax Court found otherwise. It is true that if the Erlangers had given the moneys to him and he had set up a trust out of them a different case might have been made for treating the income as his. There was, however, no gift to him. What the Erlangers wanted was to have the taxpayer drop her law suits against their sister and thereby to get the latter out of her trouble and to have their family spared further publicity. To accomplish this they were willing to pay, and did pay, large sums. They paid it to set up a trust for the taxpayer and not to make a gift to Stern and Stern at no time had the funds they advanced within his control.

Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; Old Colony Trust Company v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, and United States v. Boston & Maine Railroad, 279 U.S. 732, 49 S.Ct. 505, 73 L.Ed. 929, relied on by the taxpayer, are not in point. In the first of these cases income payable to a wife (in lieu of alimony) out of a trust created from the property of her husband was held to be taxable against the latter. The income involved in United States v. Boston & Maine Railroad, 279 U.S. 732, 49 S.Ct. 505, 73 L.Ed. 929, was additional rent payable by a lessee under a covenant to pay income taxes upon rent due to the lessor, and as such was income from the lessor's property. The decision in Old Colony Trust Company v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, involved the same principle.

The result of subjecting Allison L. S. Stern to taxes upon the income from the trust would be not only to tax his income, which had not been diminished by any con-

tribution made to the trust, but to require him to pay further taxes on income from a trust that was neither derived from his labor nor his property. Moreover, though the settlement was approved by the Court of Chancery and adjudged a bar to future claims for alimony, the decree might still be reopened by the Court of Chancery to readjust the provisions therein for payment of alimony. Parmly v. Parmly, 125 N.J. Eq. 545, 5 A.2d 789. While it is true that under the New Jersey decisions the agreement and decree were not a final discharge of all claims for alimony, and if the husband had furnished the money for the trust, the evidence might have supported a finding that the trust was only a security device to insure the payment of alimony, yet even on that hypothesis there would appear to be no reason for taxing the husband on income wholly derived from the contributions of third parties.

It is further argued that the income of the trust must be regarded as that of the husband because in the contract between himself and the taxpayer it was provided that he should be the grantor and he was described as such in the trust indenture. It is contended that, under such circumstances, the admission of evidence to show that the corpus of the trust was not derived from the husband violated the parol evidence rule. But the parol evidence rule only excludes proof varying a written instrument, where the issues are between the parties to it, and does not affect the right of the Commissioner, who was not a party, to go behind the written contract in order to discover the true facts. Tex-Penn Oil Co. v. Commissioner, 3 Cir., 83 F.2d 518, affirmed 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755; United States v. Board, D.C. Ky., 14 F.2d 459, 460.

But even if it be thought that it makes no difference that the corpus of the trust was derived from the Erlangers, and not from the property of the husband, and that the determining factor is the power retained by the New Jersey Court of Chancery to deal with further claims for alimony, yet under Pearce v. Commissioner, 315 U.S. 543, 549, 552, 62 S.Ct. 754, 757, 86 L.Ed. 1016, it must be regarded as "at least doubtful and uncertain whether the [New Jersey] court, as an incident of its power to require the husband to support his wife, retained control over this [settlement] or the income from it." Therefore, under

that most recent utterance of the Supreme Court, the beneficiary is taxable because she has made no showing that the New Jersey divorce court could readjust the trust settlement itself, as was possible with the trust before the court in Douglas v. Willcuts, 296 U.S. 1, 5, 56 S.Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391, because of the provisions of the Minnesota statute.

Order affirmed.