VIRGINIA WHITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5834.   Promulgated November 23, 1945.

*Brooks W. Maccracken, Esq.,* and *John T. Scott, Esq.,* for the petitioner.

*W. W. Kerr, Esq.,* for the respondent.

---

1084

## OPINION.

SMITH, *Judge*: This proceeding presents the question whether the petitioner is liable for income tax upon the entire amount of income received by her in 1940 from a testamentary trust created by the will of her husband, who died in 1929, or upon only the portion thereof which was not used by her for the support, maintenance, and education of her five minor children, which she claims was in the amount of $32,362.50.

The will of petitioner's husband devised and bequeathed to her valuable property; it provided that the residuary estate should be held in trust for a period of years, during which the petitioner was to receive one-half of the net income during her natural life or until she remarried or until distributions therefrom were to be made to the children, and stated:

* * * it is my hope that out of such income she [petitioner] may be able and willing to support, maintain and educate our children until the provisions

hereinafter made for distribution of income or property to them under this will shall take effect.

It further provided that if the income from the one-half of the residuary estate should not be:

* * * adequate for such support, maintenance and education, as well as to make substantial provision for her own maintenance in conjunction with her private income, then the said David L. Johnson or my Trustees as herein provided may in his or their sole discretion distribute any part of the remainder of my income for the support, maintenance and education of my said children.

Paragraph 5 of item IV of the will provided that upon the death or remarriage of the petitioner:

* * * the one-half (½) of the income herein bequeathed to her shall cease and determine and shall be applied so far as necessary to the support, maintenance and education of my said children during their minority and thereafter as hereinafter provided in such manner and through such agencies as to my Trustees shall seem best, preference being given to their care by their mother should she be living.

During 1940 there was distributed to the petitioner by the trustee of the residuary estate $71,324.40 as her one-half of the net income of the testamentary trust. The petitioner commingled this income with other income of her own and made payments from the total for her own account and for the support, maintenance, and education of the children. She kept no books of account or records which show payments made for the support of her children separately from those made for her own account. Her private secretary has, however, made a segregation of the payments from canceled checks, check stubs, and bills showing what she claims were payments made for the support of the children. Such segregation is shown in our findings. It is the claim of the petitioner that the first two accounts, "Children's Account" and "Stable" (in the aggregate amount of $17,087.96) were in their entirety for the support of the children. It is claimed that the "Stable" account represents the cost of maintaining a stable of saddle horses. It was testified that the petitioner does not ride and that therefore the entire stable expense is allocated to the support of the children. No accurate segregation of other payments between those for the account of the petitioner and those for the support of the children is possible, but it is submitted that a fair allocation is 50 percent to the account of the petitioner and 50 percent to the children's account, less an item of $8,591.96, making a total of $32,362.50 as actually spent by the petitioner in 1940 for the support, maintenance, and education of the children.

In her income tax returns for years prior to 1940 petitioner included in her gross income the entire amount distributed to her by the trustee of the residuary estate. In her return for 1940 petitioner excluded from gross income such part of the net income received by

her from the trustee as she claimed was expended for the support of her minor children. The conditions under which her returns were filed for years prior to 1940 were parallel to those which obtained for 1940. Whether the petitioner filed any return as a trustee for 1940, or whether any income tax returns were filed for the children for that year, is not shown by the record. In the determination of the deficiency the respondent has included in petitioner's gross income for 1940 the entire amount of taxable net income received by her from the testamentary trust and thereby added $30,402.46 to her gross income. He has also allowed her exemptions for the support of the minor children as provided by law.

Under our income tax laws income taxes imposed upon individuals apply to the income of estates or of any kind of property held in trust (sec. 161, I. R. C.). The fiduciary is required to file a return of the income received by him and is entitled to deduct from gross income in computing the net income of the estate or trust:

* * * the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

Although the record does not show this to be a fact, we assume that the trustee of the testamentary trust created by the will of Walter C. White filed a fiduciary return for 1940 and deducted therefrom the amount of the net income which he paid over to the petitioner. Under the plain language of the law she would seem to be taxable upon that net income. She claims, however, that such income was received by her impressed with a trust for the support, maintenance, and education of her children; that she is not taxable upon the income that was so used; and that her five minor children are liable for income tax in respect of the amounts which she spent for their support, maintenance, and education. In making this contention the petitioner relies upon *Irene O'D. Ferrer*, 20 B. T. A. 811. There the decedent's husband had devised and bequeathed his residuary estate to the taxpayer:

* * * in trust, however, to hold the same and the entire proceeds thereof for and during her natural life, and to invest and reinvest the same * * * and to collect and receive the rents, income and profits thereof for and during the term of her natural life, and to apply the same in her discretion to her own support and maintenance, use and enjoyment, and also for the support, education and maintenance of each of my four children * * *.

For the taxable year 1921 the taxpayer made a return as trustee which showed a net income of $5,179.65 as having been paid over by the trust to herself. In her individual return for that year she reported the amount as taxable income. Upon an audit of the return the Com-

missioner determined a deficiency in income tax due from the taxpayer individually and she appealed to this Court for a redetermination of the deficiency, claiming that she had expended in 1921 $7,184.75 for the support of her minor children and that she was not liable for income tax upon $5,000 of the amount received. We sustained her contention, stating in our syllabus:

> The petitioner was named the residuary legatee of her husband's estate and charged with a trust to expend such sums as she considered proper for the care and education of her four minor children. *Held*, that the sums so expended should be reported as income of the children and are not properly included in her gross income.

The editor of Perry on Trusts and Trustees, 7th Ed., says in a footnote to section 117:

> * * * When a testator has stated the motive which leads to the gift, the inquiry arises is the motive or purpose of the gift so stated that the donee is under an obligation to apply the gift, or any part of it, to the benefit of another person? There are three classes of cases: * * * [classes (1) and (2) are those in which an obligation of the donee, for the benefit of a third person, did accompany the gift]. (3) The third class of cases contains those in which it is held that the primary donee is absolutely entitled to the whole interest given, without any rights in third persons, as in *Brown* v. *Casamajor*, 4 Ves. 498, where a legacy was given to a father "the better to enable him to provide for his children." These and similar words merely express the motive of the gift, but import or imply no obligation or discretion which courts can enforce or control. * * * It may be said that latterly courts are not so astute to discover and enforce trusts from precatory words, and are more inclined to find in the words the mere statement of a motive, or the vesting of a discretion in the donee.

We are of opinion that this case falls within the third class above described. The petitioner received the income of the testamentary trust without any enforceable obligation on her part to use it for the support of her children. She was free to use it in any manner that she saw fit.

It is furthermore to be noted that upon the death of her husband the petitioner was free to take her share of the property of the decedent, as provided for by the laws of the State of Ohio, or to take under the will. She elected to take under the will. Any burden resting upon her from such election was voluntarily assumed.

Quite clearly, if the petitioner's deceased husband had simply provided in his will that she was to receive for a period of years one-half of the income of the residuary estate, and had said nothing about the support of the children, and if out of such income she had supported her minor children, she would not be in a position to claim that the amount which she spent for such support was received by her in trust for them.

Furthermore, we do not think it was the intention of the decedent that any part of the trust income receivable by the petitioner should

be distributed to the minor children or that they were expected to provide for their own support, or that they had any liability for income tax in respect of any part of the income of the testamentary trust received by the petitioner.

If petitioner's contention were allowed in this case it would also mean that not only the amount which she spent for the support of her minor children would be excluded from her gross income and taxed to the children, but also the amount of the income tax payable by the children upon such income; for as a trustee the petitioner would not be required to pay such taxes out of her own income. We do not think that any such result was contemplated by the testator.

On the evidence before us we find no error in the respondent's determination that the petitioner was taxable upon all of the trust income that was distributed to her in 1940.

*Decision will be entered under Rule 50.*