AGNES K. MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8654, 10083.    Promulgated April 22, 1947.

*Hubert A. McBride, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

### OPINION.

OPPER, *Judge*: In these consolidated proceedings, the taxes in controversy are income taxes for the calendar years 1941 and 1943 in the respective amounts of $943.68 and $997.52.

The sole issue is whether petitioner is taxable on all of the income earned by a trust created by her parents under which she was trustee, the trust having been created for her benefit and "for the education of all of her children."

All of the facts have been stipulated, and are hereby found accordingly. So far as material, they may be summarized as follows:

Petitioner, an individual residing in Germantown, Tennessee, has filed her tax returns on a cash basis for each calendar year. The returns for the years involved were filed with the collector for the district of Tennessee.

On January 1, 1924, petitioner's parents, John and Annie Kirby, by deed conveyed unto petitioner, identified therein as Agnes R. May, as trustee, certain described lands in Crittenden County, Arkansas, "under the following trust":

That said second party [petitioner] as Trustee shall immediately take possession of said real estate, personally manage the same by herself or her designated agent or attorney and after the payment of the taxes and up-keep thereof, use the net proceeds for the use, benefit, comfort and profit of herself and for the education of all of her children now living or any that may hereafter be born, and we, having confidence in our said daughter, Agnes R. May, and knowing her

desires for her children, make her the sole judge of the amount which she will use for the education of her children and the schools which they shall attend. Any annual net revenue from the operations of the plantation after the amount spent on the education of her children, shall be the absolute property of said Agnes R. May, Trustee, free from the provisions of this trust.

The trust was to exist during petitioner's life, and at her death the property was to vest in her children then living, with provision for remainder over in event that no children were then alive.

Petitioner had "full power and authority" to sell, encumber, or exchange the property, but this right was limited by her obligation to secure the prior approval of her brother, or, in event of his death, of his designated successor.

It was recited in the trust instrument that the trust was created:

* * * for the express purpose of providing an adequate support and income for the Trustee herein, Agnes R. May, and for the education of her children, the surplus of the net annual income after the support of the Trustee, Agnes R. May herein, and the amount paid for the education of her children, shall be her absolute property freed from the operation of this trust, and the said Agnes R. May, Trustee herein shall take no greater or further title in and to the property above than is necessary for the proper administration of this trust. * * *

The net income of the trust for the calendar year 1941 was $28,780.93, of which amount $1,450.34 was used in 1941 for the education of petitioner's son, John May, born January 18, 1922, and 19 years of age during the greater part of 1941. The amount of $1,450.34 so used was reported and tax was paid thereon, on a return filed with the collector for the district of Tennessee for the calendar year 1941, under the name of John May.

The net income of the trust for the calendar year 1942 was $23,983.32, of which amount $1,462.34 was used in 1942 for the education of John May, under whose name a return for the calendar year 1942 was filed with the collector for the district of Tennessee, on which was reported the amount of $1,462.34 used in 1942 for the education of John May.

In each of the years 1941 and 1942 petitioner's husband, Walter May, had a salary income of over $4,000 per year.

Respondent determined for each of the years involved:

It is held that you are taxable on the total income of the trust created by your father and mother, Mr. and Mrs. J. A. Kirby, under the authority of section 22 (a) of the Internal Revenue Code. Accordingly, your income has been increased in an amount * * * representing the portion of trust income used for the education of your son, and reported by him in a separate return.

Although the question is not entirely free from doubt, we can not agree with respondent's construction of the trust instrument. It would require a disregard of a portion of the grantors' language to conclude that no part of the trust income was appropriated by the

grant to be applied to the education of petitioner's children. Presumably the latter could, if necessary, enforce that right by appropriate proceedings. *Phipps* v. *Commissioner* (C. C. A., 2d Cir.), 137 Fed. (2d) 141.

There is no suggestion that the amount actually expended exceeded the payment which petitioner could, if necessary, have been compelled to provide. *Walter L. Ferris*, 1 T. C. 992, 996. It follows that respondent's argument that petitioner's unencumbered control over the entire trust income was so great and so free from any restraint that she would be taxable on it under the doctrine of such cases as *H. S. Richardson, Jergens* v. *Commissioner*, and *Edward Mallinckrodt, Jr.*,[1] must be disapproved. See *Irene O'D. Ferrer*, 20 B. T. A. 811; cf. *Virginia White*, 5 T. C. 1082.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

[1] *H. S. Richardson*, 42 B. T. A. 830; affd. (C. C. A., 2d Cir.), 121 Fed. (2d) 1; certiorari denied, 314 U. S. 684; *Jergens* v. *Commissioner* (C. C. A., 5th Cir.), 136 Fed. (2d) 497; certiorari denied, 320 U. S. 784; *Edward Mallinckrodt, Jr.*, 2 T. C. 1128; affd. (C. C. A., 8th Cir.), 146 Fed. (2d) 1; certiorari denied, 324 U. S. 871.