OPINION. Leech, Judge: The first issue is the propriety of respondent’s dis-allowance of deductions by petitioner in his income tax returns for the two years before us of the cost of his room and board in Washington, D. C., during his employment there in those years in several of the Government war agencies. It appears that respondent has allowed petitioner the deduction of his cost of travel between Pittsburgh and Washington, and the disallowances relate only to the cost of hotel rooms and meals. In Commissioner v. Flowers, 326 U. S. 465, it was ruled that an expense of this character to be deductible must be incident to and required by the employment. In the present case, it can not be argued that the petitioner’s expenses in Washington were required by his business carried on in Pittsburgh and Schellsburg, Pennsylvania. Nor did petitioner’s employment in Washington by the Government require him to maintain his home in Pittsburgh. For the purposes of his Government employment, his place of business was Washington, D. C. The case of Ney v. United States, 77 Fed. Supp. 1005, affd., 171 Fed. (2d) 449, certiorari denied, 336 U. S. 967, appears to have arisen upon substantially identical facts to those here involved. There the taxpayer was denied the deduction of expenses for hotel rooms and board in Washington during performance of services for the Government in one of the war agencies. He had large business interests in Arkansas and, during the term of his Government employment, continued to maintain his residence in that state to which he made trips at intervals to attend to his personal business affairs. Relief was also den ied under substantially similar circumstances in the case of S. M. R. O'Hara. 6 T. C. 841. See also Robert F. Green, 12 T. C. 656. Respondent is sustained in his disallowance of the deductions taken. The second issue is upon respondent’s action in including in petitioner’s income all the net income of a trust designated as the “Maurice Falk, Trustee Special” in excess of $5,000, ttie minimum amount payable from such income to petitioner’s sister under the trust. The terms of the trust under which this question arises are set out in our findings of fact. Petitioner contends that under the terms of the trust, read in the light of certain directions and injunctions by the donor, petitioner’s father, to the petitioner, and to which petitioner agreed, it was the donor’s intention to impose upon petitioner a legal duty to cause distributions of net income by the trustee to charitable and educational institutions, and that the performance by the petitioner of this duty was subject to review and enforcement by a court oi equity. It is argued by petitioner that the statements of the donor to petitioner as to his intentions, desires and purposes in establishing the trust having been made to petitioner and agreed to by him at a time when the trust was subject to revocation by the donor and the denial of any benefit to petitioner, a resulting or constructive trust arose under which petitioner was required to use a proper discretion in directing the disbursement of the income of the trust in accordance with the purposes expressed by the donor. We have examined carefully the provision of the deed of trust in the light of the surrounding circumstances as established by the record, and have accepted the testimony by petitioner as to the statements made to him by his father with respect to the trust. We do not, however. find it possible to agree with petitioner that the intention of the grantor was to impose upon petitioner a legal duty with respect to distributions to charitv under section 2 of Article Second of the trust deed. The wording of that section is unambiguous. The direction of the trust instrument is to the trustee. The petitioner is nowhere required to designate any particular portion of income to any particular charity. The direction is merely that the trustee shall pay income in such amounts and to such educational and charitable institutions as the petitioner may direct. The gist of petitioner’s testimony is that his father, the donor, expressed to him his purpose that through the trust the petitioner maintain the family reputation in the future for public generosity that it had borne in the past. Had it been the intention and purpose of the donor that any definite portion of the income of the trust be contributed to charity, it would have been a simple matter to so provide, and petitioner admits that the donor never expressed a desire or gave a direction to him to distribute any definite amount. During his lifetime, the donor had made a practice of joining with his brother Maurice in charitable donations, and petitioner’s testimony is that his promise to his father was that he would take his place with his uncle Maurice and constitute the “team” theretofore formed by the donor and his brother Maurice. The trust instrument was obviously drawn with legal precision and care. The income of the trust is put under the control and direction of the petitioner, without express limitation other than a minimum payment of $5,000 per annum from the trust income to his sister. Considering all the surrounding circumstances and the manifest pride of the donor in the reputation of his family for giving to charity in Pittsburgh and vicinity, we think the natural conclusion to draw from the terms of the instrument and the testimony of the petitioner as to statements to him by bis father that it was the desire and purpose oi the father to make it possible for the petitioner, his son, as an individual, to maintain the reputation of the family, and that the trust was created for the purpose of providing the funds from which the petitioner could make charitable donations in the future as the donor, his father, had made in the past. A purpose of the donor to have his son, petitioner, receive personally the public gratitude from giving to public charity is more easily to be reconciled with the provisions of the trust instrument and the statements to petitioner by the donor than a purpose to create a charitable fund which the petitioner was legally bound to distribute for charitable purposes. Under the latter conception, any designations of income to charity would come primarily from the donor and would serve merely to enhance the reputation of his generation of the family instead of the reputation of the new generation. Counsel for petitioner has cited various decisions relating to constructive and resulting trusts. We do not think these are applicable here. They involve facts where the beneficiary of the constructive trust and his interest were identified. Thus a resulting trust was held to exist in In re Washington's Estate. 220 Pa. 204: 69 Atl. 747, where an absolute bequest under the terms of the will was made to an aunt with a definite understanding that the bequest was to be used for the support of herself and two younger sisters. In that case this understanding was established by a letter written by the aunt shortly after the receipt of the bequest, stating that the testatrix by the will had vested the title in her alone only because she was better able to conserve the property and obtain the greatest return for the benefit of the three. We have no such condition here. Neither the trust instrument nor any direction by the grantor has provided for the use of any specific amount of income for any particular charity or even for charity in general. There was no charitable interest to be enforced. Howard v. Carusi, 109 U. S. 725; Russell v. United States Trust Co.. 127 Fed. 445. In Edgar R. Stix, 4 T. C. 1140. affd., 152 Fed. (2d) 562, the primary beneficiaries of two trusts were held taxable on the entire income even though secondary beneficiaries were named, to whom the primary beneficiaries could direct payment of income by the trustee for their maintenance and support. There the court held that the primary beneficiaries could not escape taxation upon the entire income of the particular trust except upon a showing that any amounts paid to a secondary beneficiary were in fact necessary for the purposes stated. In the present case, however, petitioner’s counsel contends that there has been a construction of the trust here involved by a Pennsylvania court of competent jurisdiction, holding that the trust imposed a legal duty upon petitioner to make designations of income to be distributed to charities, and carrying out that duty by the petitioner was subject to the supervision of the trustee and subject to review by the court. It is argued that this proceeding was adverse in character and is binding upon us. The circumstances in connection with this proceeding, as shown by the record, are that prior to the determination of the deficiency here involved and the filing of - the petition in this case the trustee, Maurice Falk, died, and the executors of his will, the petitioner, I. A. Simon, and Eugene B. Strassburger, filed in the Orphans’ Court of Allegheny County, Pennsylvania, a first and final accounting of the trustee’s administration of the trust estate. There Strassburger filed a petition to the court for the appointment of a trustee ad litem to protect the interests of all educational and charitable institutions under section 2 of Article Second of the trust. Petitioner’s sister acknowledged receipt of notice of that proceeding. On the same date that this petition for appointment of a trustee ad litem was filed, there was also filed an order and decree thereon, which included the statement relied upon by petitioner, and construed the trust instrument as imposing a legal duty upon petitioner to make distributions for charitable purposes, and held that the court had jurisdiction to review and enforce in that respect. Although the petition for the appointment of a trustee ad litem and the order of the court are separate documents, it is clear that the decree was prepared together with the application for appointment. They are in form one document of eight pages, numbered consecutively. As prepared, the order of the court is complete except for the name of the trustee ad litem, which was inserted by pen. There is no indication in the record that there was any explanation or argument except that appearing in the formal application for the appointment. Neither the Commissioner of Internal Revenue nor the United States was made a party to the application, nor is there evidence that the court was advised that a construction of the trust instrument contrary to that set out in the decree had been made by the Government and a substantial tax liability proposed against the petitioner on the basis of such construction. A somewhat similar situation was presented in Loggie v. Thomas, 152 Fed. (2d) 636. There, subsequent to the determination of the deficiency by the Commissioner of Internal Revenue, the opposing parties secured a declaratory judgment in a formal proceeding to which the Government was not made a party either through the Commissioner of Internal Revenue or the Collector of Internal Revenue. The court there held' that the proceeding under such circumstances was not adverse and was not binding in the determination of tax liability. Mississippi Valley Trust Co. et al., Executors, 28 B. T. A. 387, affd., 72 Fed. (2d) 197, certiorari denied, 293 U. S. 604, involved a similar principle. There the deficiency was in estate tax. The decedent in his will stated that he provided for no specific gifts in that will for charitable purposes since his directions and wishes with respect thereto were known to his two sons and his widow who would see that his wishes were carried out. His estate was left to his wife and two sons, who thereupon joined in the probate proceedings under the will in a request to the court to order and direct the distribution of $1,000,000 of the estate to a particular university on the ground that that was what decedent desired. This request was granted and the distribution made under order of the court, as in the nature of a bequest by the decedent to the university. It was there held that the proceeding was not adverse and no deduction could be made from the gross estate by reason of the amount paid to the university. We conclude that the decree of the Orphans’ Court entered upon the application for the appointment of a trustee ad litem, as above set out, was not an adverse proceeding and the construction of the trust recited in the order appointing the trustee is not binding upon us in the determination of the petitioner’s tax liability with respect to the income of the trust. We think that the trust instrument imposed no legal duty upon petitioner to designate charitable distributions to be made by the trustee. We further hold that amounts so designated constituted gifts to charity by the petitioner under voluntary designations by him. It necessarily follows that these distributions are subject to deduction by petitioner to the extent of the 15 per cent limitation of the statute. In determining the deficiency it appears that respondent has taken the position that the trust instrument imposes no legal duty upon petitioner to designate payments to his sister in excess of $5,000 per annum. We do not agree. The provisions of the trust instrument with respect to petitioner’s sister are that she shall be paid not less than $5,000 per annum. Petitioner’s testimony is that his father directed him that his purpose by this provision was to make his sister’s support and welfare a first charge against the trust estate and that his first duty was to designate such sums in excess of $5,000 as her needs might require. This direction, which petitioner agreed to carry out, is- easily reconcilable with the express provisions of the trust. In the first of the two years before us, it appears that at the direction of the petitioner the trustee paid to his sister $4,000 in trust income in addition to the minimum of $5,000 provided. We think the direction for the payment of this additional $4,000 was an honest exercise of the discretion and duty of petitioner under the terms of the trust. Respondent makes no contention to the contrary. It seems clear and we so hold that petitioner’s sister had a) right to receive additional income over and above the minimum of $5,000 provided, if her needs required this additional payment, and that her rights were subject to enforcement in a court of equity. Phipps v. Commissioner. 137 Fed. (2d) 141. This additional $4,000, paid to petitioner’s sister, is not includible in petitioner’s income. Agnes K. May, 8 T. C. 860. Decision will he entered v/nder Rule 60.