OPINION. Withey, Judge: Respondent has taken the position that the entire income and capital gain realized by the trust here in question during 1951 and 1952 are taxable to petitioner, either as the possessor of a power of disposition over the income of the trust or as the substantial owner thereof within the meaning of section 22 (a) of the Internal Revenue Code of 1939, or as grantor within the meaning of sections 166 and 167 of the Code. Petitioner contends that the income of the trust for 1951 and 1952 is taxable to her only to the extent of the amounts actually distributed to her, and that the excess income is taxable to the persons to whom it was distributed. Respondent first asserts that petitioner has acquired such dominion and control over the trust property as to vest in her substantial rights of ownership therein, as in Helvering v. Clifford, 309 U. S. 331, and Edward Mallinckrodt, Jr., 2 T. C. 1128, affd. (C. A. 8) 146 F. 2d 1, certiorari denied 324 U. S. 871, and that petitioner consequently is taxable on the entire income of the trust as a person other than the grantor, under section 22 (a) of the Code.[1] The question whether petitioner is taxable on all of the trust income under section 22 (a) of the Code depends for its resolution upon the nature and extent of her control over the income and corpus thereof. Helvering v. Clifford, supra; Edward Mallinckrodt, Jr., supra; Ella E. Russell, 45 B. T. A. 397; Jergens v. Commissioner, 136 F. 2d 497, certiorari denied 320 U. S. 784. If petitioner possesses unfettered command over the trust, she is taxable on the entire income therefrom. H. S. Richardson, 42 B. T. A. 830, affd. 121 F. 2d 1; Funk v. Commissioner, 185 F. 2d 127; Edward Mallinckrodt, Jr., supra. Respondent appears to contend that since under paragraph Fifth of the trust instrument, the trustees are given power, in their sole discretion, to invade the corpus of the trust in the event of financial need, they, in effect, have unlimited discretion to distribute trust corpus to petitioner in accordance with her desires. Petitioner, however, is not a trustee of the trust in question and possessed no power, under the terms of the trust instrument, arbitrarily to direct the trustees to make disbursements to her from either principal or income, beyond the amounts specified as her guaranteed annual income. The trust, instrument specifically provides that the trustees shall have power, in their sole discretion, to invade the corpus of the trust in the event petitioner, or Hope or Henry Distler, are in “need” of funds because of “sickness, declining purchasing power or any other pressing emergency.” The trust instrument therefore creates a standard limiting the power of the trustees to invade the corpus of the trust on behalf of petitioner, thus restricting the rights of petitioner in the trust principal to the extent that she cannot be held to be the substantial owner thereof. Eva V. Townsend, 5 T. C. 1380; Lewis Runt Mills, 39 B. T. A. 798; Funk v. Commissioner, supra. In fact, petitioner here has brought suit in the Maryland courts, without success, to compel the trustees to make disbursements to her as emergency payments under paragraph Fifth of the trust instrument. The trustees have successfully maintained the position that they are without authority to make emergency payments to petitioner until she has exhausted her personal resources. In view of the decisions of the Maryland courts, in adversary proceedings, in thus construing the power of the trustees to invade the corpus of the trust on petitioner’s behalf, together with the explicit language of the trust instrument itself, it is clear that petitioner was not vested with a right arbitrarily to recapture any portion of the trust principal, as respondent suggests. Cf. Eva V. Townsend, supra. Respondent further maintains that petitioner possesses a power of disposition over the income of the trust by virtue of her power to designate the amounts, if any, and proportions of the two-thirds excess trust income payable to Hope and Henry Distler, and in default thereof to cause the remainder of the excess to be added to corpus. It is settled that a power to direct the distribution of trust income to others is not alone sufficient to justify the taxation of that income to the possessor of such a power. Agnes K. May, 8 T. C. 860; John Danz, 18 T. C. 454, affd. (C. A. 9) 231 F. 2d 673; Regs. 118, sec. 39.22 (a)-21 (d) (2). Respondent’s contention, however, is that because of the requirement that funds accruing to corpus be invested and reinvested, it was within petitioner’s power, by failure to direct that any amount be paid the children, to derive a benefit to herself through her one-third interest in the excess trust income which would be increased thereby. Respondent further contends that petitioner could realize an additional benefit because of her failure to designate the proportions of the two-thirds excess income payable to Hope and Henry Distler, by virtue of the trustees’ power to invade the corpus of the trust on her behalf. However, respondent has cited no decision involving facts similar to those here present, and we are aware of none. The trust here in issue was irrevocable and petitioner retained no power to amend or modify its provisions. The period of the trust’s duration was indefinite. Petitioner retained no managerial powers over the trust property and possessed no reversionary interest therein. Neither petitioner’s power to direct the distribution of the two-thirds excess trust income between her children, nor her right, in the event of financial need, to receive disbursements from principal in the sole discretion of the trustees, nor the combination of the two, are sufficient to give petitioner unfettered command over the trust income or principal. In our opinion, respondent’s arguments in support of his contention that petitioner possesses a power of disposition over the income of the trust by virtue of her power to designate the amounts, if any, of the two-thirds excess payable to the children, are tenuous and point to so remote a possibility of recapturing trust income they do not warrant a conclusion that she has acquired control over such income. We note also that by construction the-trust instrument contains the mandatory provision that in the event of the failure of the trust corpus to produce income, that portion thereof which is attributable to Distler is to be completely exhausted in fulfilling tlie trust requirement to pay $25,000 yearly amounts to petitioner and that upon its exhaustion such yearly payments are to be made from that portion of the corpus which is attributable to her. However, that right in petitioner, over which she has no discretionary power, is likewise contingent as to either portion of the trust corpus and the happening of the event too unlikely to be given great weight under these facts. Petitioner does not possess such dominion over the income or corpus of the trust as to justify taxing the income in issue to her under section 22 (a) of the 1939 Code. With respect to the taxation to petitioner of the income in question under sections 166 and 167 of the 1939 Code,[2] since petitioner contributed property valued at $310,711.59 to the trust, she is a grantor of the trust within the meaning of those sections, to the extent of the value of her contribution to the trust corpus. Allison L. S. Stern, 40 B. T. A. 757, affd. (C. A. 2) 137 F. 2d 43; George S. Gaylord, 3 T. C. 281, affd. (C. A. 9) 153 F. 2d 408; Frank E. Joseph, 5 T. C. 1049; Crosset v. United States, 30 F. Supp. 802. Accordingly, if petitioner is otherwise qualified under the terms of sections 166 and 167, she nevertheless is not chargeable with the income resulting from the property transferred to the trust under the will of John C. Distler, deceased, but is taxable only with the income attributable to her contribution to the trust. George S. Gaylord, supra, and Frank E. Joseph, supra. The record herein discloses that separate records have been kept with respect to the property contributed to the trust by petitioner and by Distler. The income produced by the property transferred by petitioner to the trust was distributed to her and reported on her income tax returns for 1951 and 1952, and the income in question, paid to Hope and Henry Distler, is traceable to property contributed by Distler. Since all of the income in issue was produced by property transferred to the trust under the will of Distler, petitioner is not a grantor as to the trust property in question and further inquiry as to her qualification under the terms of sections 166 and 167 of the Code becomes unnecessary. Accordingly, we hold that petitioner is taxable only to the extent of the trust income distributed to her and reported for the years in issue. Decision will be entered umder Buie 50. SEC. 22. GROSS INCOME. (a) General Definition. — “Gross Income” includes gains, profits, and income derived from salaries, wages or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or Interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * » SEC. 166. REVOCABLE TRUSTS. Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested— (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse Interest in the disposition of such part of the corpus or the income therefrom, or (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the Income of such part of the trust shall be included in computing the net income of the grantor. SEC. 167. INCOME FOR BENEFIT OF GRANTOR. (a) Where any part of the Income of a trust— (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; * * *